## DEITEL v. CHISHOLM et al.
### No. 348.

Circuit Court of Appeals, Second Circuit.
June 9, 1930.

W. P. Preble, of New York City, for appellant.

C. P. Goepel, of New York City, for appellee Charles D. Chisholm.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The bill of complaint was dismissed, on motion of the appellee, because it is claimed that the appellant was a licensee only and could not maintain this suit for infringement of patent. The rights of the appellant in and to the patent are referred to in the bill, as follows: "The defendant Greer" (the patentee) "assigned to the plaintiff Deitel the exclusive right throughout the United States,

its territories and dependencies, to use, manufacture and sell, or to license others to use, manufacture and sell vanity cases embodying features of construction disclosed and claimed in said patent whereby the plaintiff Deitel became and now is the sole owner of all the rights under said patent so far as they relate to vanity cases."

Greer, who resides without the district, is made a party defendant. The bill pleads that Greer is the holder of the record and legal title of the patent, except as it may be affected by exclusive license granted to appellant; that he has been requested to allow his name to be used as a plaintiff and has refused; that he is a necessary party to the suit, and, having refused to join in as a coplaintiff, has been made a party defendant because "the hostile attitude thus taken by said Butler F. Greer in the matter of helping to sustain the plaintiff's rights under said patent, is an act of encouragement to defendant Charles D. Chisholm to infringe plaintiff's rights as hereinbefore complained of and thereby tends to increase the damage and injury suffered by plaintiff from said infringement and to discredit plaintiff's position before the public in regard to his rights of protection as to book form vanity cases under said Greer patent." The prayer for relief asks that Greer, being a nonresident of the Southern district of New York, be served by a substituted service by registered mail addressing him in California.

The motion, which resulted in a dismissal of the bill, was grounded upon what appeared on the face of the bill, and was granted because (a) the bill does not state sufficient to constitute a cause of action in equity; (b) there is a misjoinder of parties defendant; and (c) it appears upon the face of the bill that there was an unreasonable delay in filing disclaimers. No other papers were submitted or considered.

In the paragraph of the bill quoted, there is a definite declaration that Greer assigned to the appellant the exclusive right throughout the United States to use, manufacture, and sell or to license others to use, manufacture, or sell, vanity cases embodying the patented construction, and moreover the declaration continues that the appellant is the sole owner of all the rights under the patent so far as they relate to vanity cases. This broad assertion includes more than a mere right to use the patented invention. The appellant, having an exclusive right and license, may thus be regarded as an exclusive licensee and not merely a licensee. Western Electric Co. v. Pacent Reproducer Co. (C. C. A. 2, May 5, 1930) 42 F.(2d) 116; Collins v. Hupp Motor Car Corp. (1927) 22 F.(2d) 27 (C. C. A. 6). As such licensee, he recognized Greer as the record and legal title owner, except as it might be affected by the rights appellant obtained.

By bringing the suit, the appellant regarded Greer as a necessary party, and, when he refused to become a party plaintiff, made him a party defendant. Appellant does not attempt to sue as a mere licensee. As often pointed out, where the transfer amounts to a license only, the title remains in the owner of the patent, and suit must be brought in his name and not in the name of the licensee alone. But, if there is necessity to prevent an absolute failure of justice, a court of equity will not cease to exercise its power. Independent Wireless Co. v. Radio Corp. of America, 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357. Equity Rule 37 provides that persons having a united interest must be joined on the same side as plaintiffs or defendants, but, where one refuses to join, he may for such reason be made a defendant. 226 U. S. 659; 28 USCA § 723, p. 20. So, where the owner of the patent is hostile to the licensee, a court of equity will allow a suit to proceed for the benefit of the licensee and the owner may be made a party defendant. Where he is an infringer, to prevent an absolute failure of justice because he cannot sue himself, equity provides that he may be made a party defendant. Independent Wireless Tel. Co. v. Radio Corp. of America, 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357; Radio Corp. of America v. Emerson, 296 F. 51 (C. C. A. 2).

Courts of equity have, as a general rule, required that all parties interested be made parties in order to dispose of the claims and end the litigation. A licensee, who has an exclusive right to manufacture, use, and sell a patented article, if his license rights have been infringed by the owner or third persons confederating with the owner, may sue, joining the infringers as defendants. Littlefield v. Perry, 21 Wall. (88 U. S.) 205, 22 L. Ed. 577. And if the exclusive licensee's property rights, as such, require protection from infringers, such licensee may maintain a suit in his own name, making the owner of the legal title a party defendant. Libbey Glass Co. v. McKee Glass Co. (D. C.) 216 F. 172, affirmed 220 F. 672 (C. C. A. 3).

The exclusive license granted to this appellant was for the manufacture and use of book vanity cases, and gave him rights, exclusive as against the world, to the benefit of

174

the patent in dealing with the manufacture of such articles as well as the sale thereof. He was empowered to grant sublicenses and to sell the manufactured articles so long as he paid the license fees and complied with his contract of license. He was an exclusive licensee as to these articles, even though it may appear that another has been licensed to make an entirely different article, a savings bank book, as argued. But this does not appear on the face of the complaint, which alone was considered when the bill was dismissed.

The authority of Waterman v. Mackenzie, 138 U. S. 252, 11 S. Ct. 334, 34 L. Ed. 923, is not applicable here. There it appeared that, by agreement, the owner of the patent granted to another person the sole and exclusive right and license to manufacture and sell the patented article throughout the United States, not expressly authorizing him to use it. It was held to be a mere license, and gave the licensee no right in his own name to sue a third person for an infringement of the patent. The court held that a mortgagee of the patent, which recorded an assignment of it, was the party entitled to maintain the bill against an infringer.

The question of whether a licensee should be permitted to join as coplaintiff with a patent owner was so recently and fully considered by us in Western Electric Co. v. Pacent Reproducer Co., supra, that it is unnecessary to do more than to refer to our opinion in that case. Since it appears that Greer has refused to join as plaintiff and is without the jurisdiction of the court, he should have been made a party plaintiff instead of a defendant. The appellant may therefore apply to amend his bill and make Greer a coplaintiff, with or without his consent, and then prosecute this suit for infringement. Independent Wireless Co. v. Radio Corp. of America, 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357.

The decree dismissing the bill is reversed, and the cause remanded to the District Court.