MAGUIRE INDUSTRIES, Inc., et al. v.
HARRINGTON & RICHARDSON
ARMS CO.

Civil Action No. 7157.

District Court, D. Massachusetts.
July 21, 1948.

George F. Garrity, of Boston, Mass., and Eugene D. Powers and Robert L. London, both of New York City, for plaintiffs.

Hector M. Holmes, Rowland V. Patrick, and Fish, Richardson & Neave, all of Boston, Mass., for defendant.

HEALEY, District Judge.

This matter came on for hearing on the defendant's motion for a summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and for its costs plus reasonable attorneys' fees.

Plaintiff, Maguire Industries, Incorporated, instituted this action to recover damages for alleged patent infringement by the defendant of United States Letters Patent No. 1,605,393 and No. 1,636,357. Plaintiff, Richard M. Cutts, Jr., was joined by the plaintiff Maguire Industries, Inc., as an involuntary plaintiff as the owner of the patents in question of which the plaintiff Maguire Industries, Inc., was an exclusive licensee in the military field.

Findings of Fact.

1. On November 2, 1926, United States Letters Patent No. 1,605,393, covering an invention on compensators to be attached to firearms were duly and legally issued to Richard M. Cutts, Jr. At the time it expired in November, 1933, said patent was owned by said Richard M. Cutts, Jr., and his wife Dorothea Lane Cutts, partners d/b/a Cutts Compensator.

2. On July 19, 1927, United States Letters Patent No. 1,636,357, covering another invention on compensators to be attached to firearms, were duly and legally issued to Richard M. Cutts, Jr. This patent was also owned by Richard M. Cutts, Jr., and Dorthea Lane Cutts, partners d/b/a Cutts Compensator at the time it expired in July, 1944.

3. On January 1, 1941, Cutts Compensator entered into a license agreement with Auto-Ordnance Corporation (now Maguire Industries, Incorporated), under the two patents in suit. Under this agreement, Auto-Ordnance was granted the exclusive right to make, use and sell the inventions of the Cutts patents "on military weapons or ordnance of any kind."

4. A somewhat similar agreement was in effect from June 1, 1936, to June 1, 1939, and was renewed on July 1, 1940, for a period extending at least to January 1, 1943, and terminable on six months' written notice by either party.

5. The license agreement of January 1, 1941, was amended on July 14, 1941. It was to extend for two years, and was later extended for a further period of 2 years.

6. In June of 1941, the defendant received a notice of infringement from Auto-Ordnance, charging infringement of the two patents here in suit. Under date of June 27, 1941, defendant replied denying infringement. No suit was ever filed nor was any settlement of this matter ever made.

7. In 1942, differences arose between Cutts Compensator and Auto-Ordnance as to the fulfillment of the obligations of Auto-Ordnance under the agreement dated June 1, 1941. One Lawrence E. deS. Hoover, who had an interest in the royalties due from Auto-Ordnance, was also involved. The controversy was settled by a Stipulation of Settlement dated May 23, 1944.

8. Paragraph (1) of the above-mentioned Stipulation was as follows:

"(1) The License Agreement dated January 1, 1941, as modified, between Cutts Compensator and Auto-Ordnance Corporation (now known as Maguire Industries, Incorporated) is hereby cancelled and terminated as of this date and any and all rights therein and thereunder are hereby revested in Cutts Compensator, and Auto-Ordnance Corporation (now known as Maguire Industries, Incorporated) hereby agrees to execute any and all further instruments more fully to effectuate this purpose."

9. An agreement was entered into between Cutts Compensator and Maguire Industries, Incorporated, under date of July 1, 1944, pursuant to the above-mentioned Stipulation of May 23, 1944. The following paragraphs appear in said agreement:

"I. Maguire Industries hereby acknowledges the cancellation and termination of the License Agreement as of May 23, 1944.

"II. Maguire Industries hereby grants, conveys and sets over to Cutts any and all right, title and interest in and to the aforesaid Letters Patent which it acquired or to which it became entitled under and by virtue of the License Agreement."

10. In October, 1944, John J. Darby of the firm of Cushman, Darby and Cushman of Washington, D. C., sent the defendant, Harrington and Richardson Arms Company, a notice that they were infringing the Cutts Compensator patents which are the subject of this action. During negotiations for a settlement which followed, counsel for defendant sought assurance that any rights of Auto-Ordnance Corporation or Maguire Industries in the infringement claim of Cutts Compensator, were vested in Cutts Compensator by virtue of the stipulation of May 23, 1944, and the agreement made pursuant thereto on July 1, 1944.

11. A letter dated July 10, 1945, signed by Robert L. London, Esq., of the firm of Powers, London, Mulé & O'Connor who had represented Maguire Industries in negotiating the stipulation and agreement between Maguire Industries and Cutts Compensator, in answer to Darby's request for a written confirmation of a telephone conversation between Darby and Powers in which Powers had stated the position of Maguire Industries regarding the meaning of the settlement, was as follows:

"Dear Mr. Darby:

"In accordance with telephone conversation of yesterday, this is to confirm that

by the agreement between Maguire Industries, Incorporated and Cutts Compensator, dated as of July 1, 1944, it was intended, among other things, and with specific reference to Paragraph II, that Maguire Industries, Incorporated grant and relinquish to Cutts Compensator any and all rights which it might have had with respect to the Letters Patent referred to in said agreement including, but not limited to, any right to bring any action, suit or proceeding for infringement or otherwise and to receive and hold all recovery or to make settlement of any claim for infringement.

"Yours very truly,

"Powers, London, Mulé & O'Connor

"By: Robert L. London"

The above letter was shown by Darby to the attorney for the defendant.

12. On December 28, 1945, a settlement of the infringement claim of Cutts Compensator against this defendant was made and a release signed by Lawrence E. deS. Hoover, Richard M. Cutts, Jr., and Dorothea Lane Cutts was given to the defendant. By the terms of this release, the parties constituting Cutts Compensator released and forever and irrevocably discharged the defendant, its successors and assigns "from all claims which Lawrence E. deS. Hoover and/or Richard M. Cutts, Jr., and/or Dorothea Lane Cutts individually or jointly constituting a partnership known as Cutts Compensator can have for royalties, profits or damages for the past infringement or use of either of said Letters Patent Nos. 1,605,393 and 1,636,357." Also by the same release, the parties constituting Cutts Compensator guaranteed and agreed to indemnify and save harmless the defendant from "all loss, cost, damage or expense by reason of, or arising from, any claim or claims or demands from anyone, whether assignee of or licensee or holder of other contractual right under the aforesaid patents for or on account of any alleged infringement of said patents by said Harrington & Richardson Arms Company."

13. The present action by Maguire Industries, Incorporated, is for damages for infringement of the United States Letters Patent Nos. 1,605,393 and 1,636,357 by the Harrison & Richardson Arms Company during the period from January 1, 1940, to May 23, 1944.

Discussion.

The purpose of rule 56 is to allow the court to dispose of a case where there is no genuine issue as to any material fact. The facts here are not in dispute. The questions left to be determined are based on the interpretation of certain written instruments and, therefore, concern only questions of law for the court. Although the parties contest the scope and meaning of several of these written instruments, I am of the opinion that, insofar as they are material to the issues present here, their meaning is clear and no extrinsic evidence is needed to interpret them. The case is, therefore, a proper one to be decided on the defendant's motion for summary judgment.

Defendant's motion for summary judgment is based on the following grounds:

"(1) If Maguire Industries, Incorporated, as licensee under the patents in suit, ever had a cause of action against the defendant for any infringment of said patents during the period beginning January 1, 1940 and ending May 23, 1944, it divested itself of such cause of action by the terms of its agreement dated July 1, 1944 made pursuant to the stipulation dated May 23, 1944.

"(2) Even if Maguire Industries, Incorporated did not divest itself of any cause of action for infringement by the defendant, this action should be dismissed because the involuntary plaintiff and his copartner, the sole owners of the patents in question by a release dated December 28, 1945, released and discharged the defendant from all claims which said partners individually or as copartners 'can have for royalties, profits or damages for the past infringement or use of * * *' either of the patents in suit, thereby barring any claim for profits or infringement by Maguire Industries, Incorporated against defendant for any such infringement."

Although it appears from the pleadings that Dorothea Lane Cutts was a coowner of the patents in question and that the

plaintiff has failed to join her as an involuntary but necessary party plaintiff, the defendant states that it is content to proceed in this motion as though the complaint were amended to join her also as an involuntary plaintiff. The court will, therefore, proceed as if she had been properly joined.

■ The plaintiff, Maguire Industries, Incorporated, contends that there is no merit to defendant's first ground set forth in support of its motion. It contends that the clear meaning of the terms of the agreement dated July 1, 1944, is that it intended to assign to Cutts Compensator only any causes of action for infringement that might arise after May 23, 1944.

In my opinion, the intention of the parties is clearly expressed in the agreement. There is nothing therein to substantiate plaintiff's contention.

By Paragraph I, Maguire Industries acknowledged the cancellation and termination of the License Agreement as of May 23, 1944. By Paragraph II, Maguire Industries granted, conveyed and set over to Cutts *"any and all right, title and interest in and to\** the aforesaid Letters Patent which it acquired or to which it became entitled under and by virtue of the License Agreement." By Paragraph III, Maguire Industries retained the right and power to sell any Cutts compensators which it had in inventory on May 23, 1944, subject to Cutts rights under the agreement.

The language of Paragraph II seems sufficiently clear and explicit. One of the rights under the patent was the right to bring suit for infringement. In the absence of any clause reserving that right, especially when the right to sell inventory on hand was specifically referred to, makes it most evident that the plaintiff intended to transfer back to Cutts the right to press any claims for past infringement. Certainly the interpretation contended for by the plaintiff could not be established, since, once the plaintiff no longer had a license to use the patents, it could acquire no right to sue for infringements after that date.

In so finding that plaintiff retained after May 23, 1944, no right to sue anyone for infringements prior to May 23, 1944, I do not take into account the letter of attorney London or any other correspondence attached to the affidavits presented by the defendant, although they might be found to substantiate this finding, because, in my opinion, the language of the agreement is clear and explicit evidence that plaintiff retained no right to sue for infringement after May 23, 1944.

■■ I also find on the second ground set forth by the defendant in support of its motion that the release of all claims for infringement by this defendant of the patents in suit given by Cutts under date of December 28, 1945, estops the plaintiff, who must sue in the name of Cutts, from prevailing in this action.

In considering this question, it is necessary first to determine whether the plaintiff was an assignee or a mere licensee of the patents in question. In my opinion, the plaintiff, under its various agreements with Cutts Compensator, was a mere exclusive licensee of the patents for use in the military field only. It so describes itself in its complaint and in fact and in law, was such an exclusive licensee.

As an exclusive licensee, the plaintiff had no right to sue an alleged infringer in its own name, but must sue in the name of the licensor who has the title to the patent. Gayler v. Wilder, 10 How. 477, 13 L.Ed. 504; Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923.

Thus, in the instant case, the only manner in which the plaintiff could enforce any claim for alleged infringement by the defendant was derivative; that is, through the title possessed by and in the name of Cutts. It had no right to sue the defendant in its own name.

Thus, unless the licensor Cutts has a right to recover for infringement against the defendant, the plaintiff here cannot recover.

By the release dated December 28, 1945, at which time the patents in question had

---

\* Emphasis added.

both expired, the Cutts partners released and forever and irrevocably discharged the defendant, its successors and assigns from all claims the partnership or the partners "can have for royalties, profits or damages for the past infringement or use of either \* \* \*" patent. There can be no question as to the scope of that release. That release operated as a discharge in favor of the defendant as to all claims for infringement down to December 28, 1945, and bound the present plaintiff as well as Cutts Compensator. E. I. S. Manufacturing Company, Inc., v. Supco Products Corporation et al., D.C., 26 F.Supp. 758; Jackson v. Allen, 120 Mass. 64; Marvel Carburetor Company v. Carter, 281 Mich. 121, 274 N.W. 733. Thus the defendant is entitled to a summary judgment in its favor on the second ground set forth in its motion as well as on the first ground set forth therein.