HOOK et al. v. HOOK & ACKERMAN, Inc.

Civ. A. No. 7990.

United States District Court
W. D. Pennsylvania.

March 10, 1950.

William B. Jaspert, Pittsburgh, Pa., for plaintiffs.

Harry Price, New York City, and Wm. J. Powell, Pittsburgh, Pa., for defendant.

MARIS, Circuit Judge.

This is a declaratory judgment suit brought by two residents of Pennsylvania, C. Howard Hook and W. W. Miller, co-partners, trading as Hook & Miller, against Hook & Ackerman, Inc., a Pennsylvania corporation. It is asserted that the defendant is the exclusive licensee of Hook, one of the plaintiffs, and one Harold S. Ackerman, who together are the co-owners of United States Patent No. 2,247,796, relating to heating boilers. The exclusive license to practice the invention is said to have been given by Hook and Ackerman to the defendant by a license agreement dated September 28, 1945. It appears that the defendant has claimed that its rights under its exclusive license have been infringed by the plaintiffs by the manufacture of boilers which they are selling under their partnership name, Hook & Miller. The plaintiffs assert that their boilers do not embody any of the claims of the patent and they ask for a declaratory judgment to that effect and an injunction.

The defendant has filed an answer and a counterclaim, cross-complaint and third party complaint. By the latter it seeks an abundance of relief, including an adjudication that the plaintiffs are infringing the patent in suit, an accounting for royalties,

profits and damages resulting therefrom, as well as relief with respect to certain alleged outstanding agreements between the parties and certain alleged unfair competition by the plaintiffs. The defendants seek to add Ackerman as a third party defendant. In addition to its voluminous counterclaim, cross-complaint and third party complaint the defendant has filed a plethora of motions. Only two of these, however, need be considered. The first is a motion to dismiss the complaint upon the ground that Ackerman, an indispensable party, has not been made a party to the litigation.

While this is a declaratory judgment suit it seeks a declaration of noninfringement of a patent and is, therefore, an action arising under the patent laws which is within the subject matter jurisdiction of this court under Section 1338(a) of Title 28 U.S.C.A. E. Edlemann & Co. v. Triple-A Specialty Co., 7 Cir., 1937, 88 F.2d 852, 854, certiorari denied 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884; Paul E. Hawkinson Co. v. Carnell, 3 Cir., 1940, 112 F.2d 396, 398. This is so even though the plaintiff, the alleged infringer of the defendant's rights as exclusive licensee, is himself a co-owner of the patent. Littlefield v. Perry, 1874, 21 Wall. 205, 88 U.S. 205, 223, 22 L.Ed. 577; E. I. S. Mfg. Co. v. Supco Products Corporation, D.C.S.D.N.Y.1938, 26 F.Supp. 758.

In a suit seeking a declaratory judgment of noninfringement the requirements as to necessary parties are the same as in an ordinary infringement suit except that their position in the litigation is reversed. Bendix Aviation Corp. v. Kury, D.C.E.D.N.Y.1950, 88 F.Supp. 243. It follows, therefore, that it is essential for the plaintiffs in this suit to join as defendants all those who would have been necessary parties plaintiff if the action had been in the form of an infringement suit brought by the defendant against the plaintiffs as alleged infringers.

It is settled that while an exclusive licensee may prosecute an infringement suit against persons alleged to have infringed his exclusive right to practice the invention, the owner of the patent is an indispensable party to the suit. Western Electric Co. v. Pacent Reproducer Corporation, 2 Cir., 1930, 2 F.2d 116, 118; Deitel v. Chisholm, 2 Cir., 1930, 42 F.2d 172, 173; certiorari denied 282 U.S. 873, 51 S.Ct. 78, 75 L.Ed. 771. Indeed the Supreme Court has held that in such a suit the exclusive licensee may join the owner of the patent as an involuntary plaintiff if the latter declines to join voluntarily in prosecuting the suit. Independent Wireless Co. v. Radio Corp., 1926, 269 U.S. 459, 468–474, 46 S.Ct. 166, 70 L.Ed. 357.

Here, as we have seen, Hook, one of the parties plaintiff, is a co-owner of the patent. Since he is already a party plaintiff it is obviously unnecessary and indeed impossible to join him as a party defendant. Deitel v. Chisholm, 2 Cir., 1930, 42 F.2d 172, 173; E. I. S. Mfg. Co. v. Supco Products Corporation, D.C.S.D.N.Y.1938. 26 F.Supp. 758, 760. However, Ackerman, the other co-owner of the patent, has not been joined as a party to the suit either as plaintiff or defendant. It may be suggested that since Hook is a co-owner of the patent he is entitled to practice the invention and license others to do so at his pleasure and without any duty of accounting to his co-owner Ackerman, Talbot v. Quaker-State Oil Refining Co., 3 Cir., 1939, 104 F.2d 967, 968, and that consequently Ackerman can have no interest in the suit which would require his joinder.

An infringement suit is, however, governed by the patent laws and must conform to the requirements of those laws. Among them is Section 4919, Revised Statutes, 35 U.S.C.A. § 67, which provides that damages for patent infringement may be recovered in an action brought in the name of the "patentee, assignee, or grantee". Under this section the owner of the patent is an indispensable party to an action brought by an exclusive licensee to recover damages from an infringer and the action must be brought in the owner's name, even though for the licensee's use. Paper-Bag Cases, 1881, 105 U.S. 766, 771, 26 L.Ed. 959; Wedge v. Waynesboro Nurseries, D.C.W.D. Va.1940, 31 F.Supp. 638, 645; Maguire Industries v. Harrington & Richardson Arms Co., D.C.D.Mass.1948, 79 F.Supp. 81, 84;

3 Walker on Patents, Deller's Ed., § 431. Moreover, these requirements have been held applicable not only to actions for damages but also to infringement suits in which equitable relief only is sought. In the latter case, however, both owner and exclusive licensee must be joined as parties plaintiff. Independent Wireless Co. v. Radio Corp., 1926, 269 U.S. 459, 466, 46 S.Ct. 166, 70 L.Ed. 357. I think that these requirements are equally applicable to a declaratory judgment suit which is in the nature of a patent infringement suit in reverse.

■ Turning to the facts of this case it appears that Ackerman was the original patentee and that he is at present the owner of a one-half interest in the patent. It also appears that Hook and Ackerman entered into a written agreement on June 6, 1940 under which each agreed with the other that he would not manufacture, use or sell the invention of the patent nor enter into any licensing agreement with respect thereto without the written consent of the other. Thus the ordinary right of each co-owner to practice the invention of the patent as he pleases does not exist in this case. Moreover under date of September 28, 1945 Hook and Ackerman entered into the agreement to which I have already referred, under which they conferred upon the defendant an exclusive license to practice the invention, thus giving up that right themselves. It is thus evident that this suit will necessarily affect Ackerman's rights.

■ I conclude that Ackerman is an indispensable party. He, however, resides at Larchmont, in the County of Westchester in the State of New York. The venue in a suit for a declaratory judgment of noninfringement is determined by Section 1391 (b) of Title 28 U.S.C.A., Crosley Corporation v. Westinghouse Elec. & Mfg. Co., 3 Cir., 1942, 130 F.2d 474, 476, certiorari denied 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546, which provides that the action may be brought only in the judicial district where all defendants reside. It follows that this court would not have venue jurisdiction over Ackerman if he were joined as a defendant in the suit. It would, therefore, be impossible for the plaintiffs to bring Ackerman into this case without his consent, even if they should succeed in obtaining service upon him in Pennsylvania. I am accordingly compelled to conclude that the defendant's motion to dismiss the complaint because of the absence of Ackerman, an indispensable party, must be granted.

The plaintiffs have in turn moved, inter alia, for the dismissal of the counterclaim, cross-complaint and third party complaint. These motions must likewise be granted. Insofar as the counterclaim and cross-complaint seek relief against the alleged infringement of the patent, Ackerman is a necessary party for the reasons already stated and he is absent from the proceeding. Insofar as the counterclaim and cross-complaint seek relief with respect to the construction and operation of the agreements between the parties and against the alleged unfair competition of the plaintiffs and other like relief they present claims for relief cognizable by this court only under its diversity of citizenship jurisdiction and such diversity is lacking.

The third party complaint sought to be asserted against Ackerman must likewise be dismissed since I cannot grant the defendant's motion to add Ackerman to the suit as a third party defendant. In view of the fact that he resides outside the State of Pennsylvania, this court cannot obtain personal jurisdiction over him except through his voluntary appearance or consent.

It follows that the complaint, counterclaim, cross-complaint and third party complaint must all be dismissed for want of a necessary party. The other motions filed by the defendant and plaintiffs need not be considered.

Judgment of dismissal will be entered accordingly.