**HOOK** et al.

v.

**HOOK & ACKERMAN,** Inc.

No. 11237.

United States Court of Appeals
Third Circuit.

Argued March 16, 1954.

Decided May 12, 1954.

Harry Price, New York City (Charles L. Cunningham, Pittsburgh, Pa., Matthew Sidney Biron, Philadelphia, Pa., on the brief), for appellants.

William B. Jaspert, Pittsburgh, Pa., for appellees.

Before BIGGS, Chief Judge, and KALODNER and STALEY, Circuit Judges.

BIGGS, Chief Judge.

The litigation dealt with in this opinion began with a complaint filed on July 19, 1949 in the court below.[1] The plaintiffs, C. Howard Hook and W. W. Miller, individually and doing business as a partnership under the name and style of Hook & Miller, hereinafter referred to as "Hook & Miller", sued the defendant, Hook & Ackerman, Inc., hereinafter referred to as "Hook & Ackerman", seeking a judgment declaring that the Hook & Miller boiler embodied none of the inventions covered by Hook & Ackerman's United States Patent No. 2,247,796 and that therefore the claims of the patent were not infringed by Hook & Miller. Hook & Ackerman filed a counter-claim seeking damages for patent infringement and unfair competition and seeking other relief on equitable grounds. The court below, treating the issue of infringement as "the primary one", tried that issue separately. On August 21, 1952 the court held that the scope of the patent had to be restricted to certain novel features described and claimed therein and hence was not infringed.[2] An appropriate order adjudging that Hook & Miller were not infringing patent No. 2,247,796, was entered on the same day.[3] An appeal was taken to this court and was dismissed on January 26, 1953 for want of timely prosecution.

Prior to the time of the determination of the infringement issue, viz., on April 2, 1952, the court below entered an order restraining Hook & Ackerman and its agents from prosecuting the cross-claims filed by it against Hook & Miller in three certain actions in United States district courts. The litigations referred to were suits brought by Hook & Ackerman against customer-dealers of Hook & Miller charging patent infringement. Hook & Ackerman made Hook & Miller involuntary plaintiffs in these suits and then cross-claimed against them for breach of contract and unfair competition. The court also ordered that Hook

---

1. An extraordinary number of motions, petitions, and orders were filed in this case. In order to assist the reader, all the steps in the litigation referred to in the opinion have been listed in an Appendix in chronological order.

2. See D.C., 106 F.Supp. 798, 800.

3. Prior to the judgment referred to Hook & Ackerman filed a motion to dismiss the complaint and the court below entered a judgment of dismissal on this motion on March 10, 1950. See D.C., 89 F.Supp. 238. An appeal was taken from this judgment and it was reversed on February 5, 1951. See 3 Cir., 187 F.2d 52.

There have been other opinions and numerous other actions taken by the parties. We will not refer to them in this opinion except where we deem such references to be helpful.

& Ackerman be restrained from instituting any other suit against Hook & Miller which involved the same issues as those involved in the pending suit in the court below. On May 1, 1952 Hook & Ackerman appealed from this order to this court.[4] But before any decision was rendered in this court, the court below handed down its opinion and entered the order referred to in the first paragraph of this opinion, declaring the patent not to be infringed.

On December 23, 1952, Hook & Ackerman filed a suit in the Supreme Court of the State of New York against Metropolitan Sales Company, a customer-dealer of Hook & Miller, charging Metropolitan with unfairly competing against Hook & Ackerman. Hook & Miller were not parties to this suit. On January 6, 1953 the court below entered an order temporarily restraining Hook & Ackerman from directly or indirectly prosecuting this suit. The restraining order accompanied a rule to show cause why Hook & Ackerman should not be adjudged to be in contempt of the order of April 2, 1953, viz., the order referred to in the second paragraph of this opinion. The rule came on for hearing on January 16, 1953. The court below held that the status of Metropolitan in relation to Hook & Miller, as a customer-dealer of Hook & Miller, was the same as that of the defendants in the three suits referred to in the preceding paragraph of this opinion, and that Hook & Ackerman had not violated the order of April 2, 1952 which had enjoined the institution of any further suits against Hook & Miller only. The court thereupon dissolved the restraining order granted on January 6, 1953.

On January 16, 1953 Hook & Miller filed a petition for further relief under Section 2202, Title 28 U.S.C. which permits a plaintiff who has won a declaratory judgment action to obtain certain "further relief." The relief sought was purportedly based on the decision of the United States District Court for the District of Delaware in National Hairdressers and Cosmetologists Ass'n v. Philad Co., D.C., 41 F.Supp. 701, affirmed 3 Cir., 1942, 129 F.2d 1020. The petition filed by Hook & Miller sought to restrain Hook & Ackerman from prosecuting any suits, including the New York suit, involving "the same issues triable" in the case at bar against either Hook & Miller or Hook & Miller's agents or customers. In short, it was a proceeding instituted to restrain Hook & Ackerman from instituting a multiplicity of suits against Hook & Miller's customers. On the same day the court below entered an order setting the petition for further relief down for hearing on January 26, 1953. Hook & Ackerman filed a counter-petition as well as a motion for the dissolution and vacating of the injunction of April 2, 1952, or in the alternative for an appropriate modification of that injunction.

On March 20, 1953, after hearing, the court below entered an order on the petition and counter-petition. The court below stated that it had refused to enjoin prosecution or institution of suits by Hook & Ackerman against Hook & Miller's "customers" because it believed that it lacked power to do so under the decisions of this court but that it had enjoined any further suits against Hook & Miller by Hook & Ackerman. The court below apparently was relying on the decision of this court in Triangle Conduit & Cable Co., Inc. v. National Electric Products Corp., 3 Cir., 1943, 138 F.2d 46. In this decision we held that pending final determination of an action for a declaratory judgment, suits in other jurisdictions should not be enjoined unless they dealt with the same subject matter and were between the same parties. The court below went on to say that the only issue remaining in the case was one of unfair competition. The court below reached the conclusion that it did not have the power to enjoin suits brought by Hook & Ackerman against Hook & Miller's customers prior

---

4. On this appeal the judgment of the court below was affirmed per curiam, 3 Cir., 1953, 201 F.2d 512.

to a determination of the issue of unfair competition and that it could perceive no grounds for an injunction since counsel for both parties represented to the court that they "now desire to have this issue litigated only once." It is not clear what the court below meant when it referred to "this issue" but it refused to set aside the injunction granted April 2, 1952 as requested by Hook & Ackerman and also refused to grant the further relief sought by Hook & Miller.[5] An appropriate decree was entered by the court below which was not appealed from.

The New York suit was proceeded with by Hook & Ackerman against Metropolitan and the New York Supreme Court rendered a judgment therein in favor of Hook & Ackerman on May 29, 1953. By its judgment the Supreme Court of New York permanently enjoined Metropolitan or its agents from using the word or name "Hook" in advertising or selling gas-fired cast iron boilers of midget size or from selling, displaying or advertising midget boilers in casings similar to those of Hook & Ackerman. The judgment was not appealed from. It appears from an affidavit filed in the court below that the New York suit was defended by William B. Jaspert, Esquire, attorney of record for Hook & Miller in the action pending in the court below and on the various appeals to this court.

But, a few days prior to the handing down of the judgment by the Supreme Court of New York, viz., on May 19, 1953 [6] Hook & Miller had moved to enjoin Hook & Ackerman from suing Hook & Miller or Hook & Miller's customers for patent infringement in any other court. The motion was based on the court's adjudication that the Hook & Miller boiler did not infringe United States Patent No. 2,247,796. Hook & Miller recited as one of their reasons for the motion that a suit alleging patent infringement had been brought by Hook & Ackerman against a customer of Hook & Miller's in the United States District Court for the Northern District of Alabama.[7] The relief thus sought was narrower than that which Hook & Miller had asked for earlier in their petition under Section 2202 and which was denied by the order of the court below of March 20, 1953. Now Hook & Miller moved to enjoin suits against its customers only when the suits alleged patent infringement. The earlier petition had referred to "the same issues triable" in the present case, viz., both patent infringement and unfair competition. On October 9, 1953 Hook & Ackerman moved for partial summary judgment adjudging that Hook & Miller were unfairly competing with Hook & Ackerman and for a judgment permanently enjoining Hook & Miller from continuing such unfair competition and for other relief. The ground for this motion as stated in an accompanying affidavit, was that the decision of the New York Supreme Court that Metropolitan Sales had unfairly competed with Hook & Ackerman was binding upon Hook & Miller, because Hook & Miller's attorney had tried the New York case.[8] On October 14, 1953 Hook & Ackerman filed a supplemental motion which sought a declaration that certain boilers designated as "MG" and "PH" boilers did not infringe

5. See D.C., 111 F.Supp. 76.

6. Judge William Alvah Stewart, who had entered the order denying enlargement of the injunction of April 2, 1952 died on April 9, 1953.

7. Reference is also made in a request for admission filed by Hook & Ackerman to a suit entitled "Hook v. Hook & Ackerman, Inc., filed July 20, 1950 in the Court of Common Pleas of Allegheny County, October Term, 1930, No. 403" recited as being on appeal from a judgment in favor of Hook entered by Judge Soffel on July 10, 1952. This decision was affirmed by the Supreme Court of Pennsylvania on November 9, 1953. See 375 Pa. 278, 100 A.2d 374.

8. Hook & Ackerman contend in this court, and contended in the court below, that Hook & Miller controlled the New York suit against Metropolitan. But the supporting affidavit goes no further than to allege, as we have said, that Hook & Miller's attorney tried the New York case.

United States Patent No. 2,247,796 and that the patent itself was the property of Hook & Ackerman rather than of Hook & Miller because the inventor, Harold S. Ackerman, made the invention while in the employ of Hook & Ackerman, and to compel an assignment by Hook "or his administratrix" of the subject matter of the patent and for other relief. The moving papers do not state to whom Hook & Ackerman desire the patent to be assigned. There were requests for admissions and responses [9] thereto and affidavits were filed. In one of its responses Hook & Miller stated that they were no longer in business. A hearing was had.

On November 4, 1953 the court below handed down a memorandum opinion in which it was stated that the "infringement issue between these parties was determined finally by Judge Stewart as set forth in the case between the same parties at 106 F.Supp. 798", and "in order to secure the fruits of that decision, entered on August 21, 1952, plaintiffs [Hook & Miller] now seek an injunction prohibiting defendant [Hook & Ackerman] from the institution of any further suits against plaintiffs' customers respecting infringement issues. Undoubtedly had such a motion been presented to Judge Stewart he would have entered it as he had previously denied such relief pending the final determination of the infringement issue. See 103 F.Supp. 790. Therefore, without any reference to unfair competition, but in order to give plaintiffs the remedy to which this Court believes they are entitled under the adjudication on infringement, a permanent injunction will issue enjoining defendant from the institution of any suits against plaintiff's customers." [10]

The court below thereupon, without making a separate order,[11] issued a "Writ of Permanent Injunction" which, reciting that the Hook & Miller boiler did not infringe Patent No. 2,247,796, enjoined Hook & Ackerman " * * * from asserting, contending, claiming or alleging that Ackerman patent No. 2,247,796, or any claim thereof, has heretofore been or is now infringed by C. Howard Hook and W. W. Miller, or either of them, and to desist and refrain from bringing suits in any other districts or from prosecuting suits heretofore brought by you in other districts against the customers of C. Howard Hook and W. W. Miller for alleged infringement of patent No. 2,247,796, which commands and injunctions you are respectively required to observe and obey. * * *"

For the purposes of this appeal only, we will treat the issuance of the "Writ of Permanent Injunction" by the court below as the equivalent of an injunction enjoining Hook & Ackerman from suing Hook & Miller, or those in privity with it, from commencing or maintaining any suit or suits seeking a declaration of infringement of Patent No. 2,247,796. On November 4, 1953 the court below also

9. The responses on behalf of Hook & Miller were made by Mrs. Ruth M. Hook, executrix under the Last Will and Testament of C. Howard Hook and by W. W. Miller. This is the first intimation, insofar as we are aware, in the pleadings or elsewhere that Mr. Hook had died. No formal suggestion of his death has been put upon the record. See rule 25(a), F.R.C.P. 28 U.S.C.

10. The opinion was not reported for publication.

11. The practice employed by the court below is not the preferable one. A "Writ of Permanent Injunction" under the old chancery practice may perhaps still issue from courts of chancery after an appropriate decree has been entered by the chancellor. Here there seems to be no order or decree in the true sense though the "Writ of Permanent Injunction" was signed by the district judge. We will treat the "Writ of Permanent Injunction" on this occasion as if it were a decree but will hereafter require as a necessary practice the issuance of a decree of injunction. The trial court may or may not thereafter issue a "Writ of Permanent Injunction" if it desires to do so but we will deem the service of a certified copy of the court's order upon the party to be restrained as sufficient.

It does not expressly appear in the body of the "Writ of Permanent Injunction" whether or not the injunction was a permanent one.

denied Hook & Ackerman's motions for "partial" summary judgment and for other relief.[12] In order to refresh the reader's recollection we state again that the relief sought by Hook & Ackerman was for a partial summary judgment adjudging that Hook & Miller had been and are competing unfairly with Hook & Ackerman, and for a judgment permanently enjoining Hook & Miller from continuing the alleged unfair competition. Hook & Ackerman has presently appealed to this court, to employ Hook & Ackerman's own words, from the "orders" (treating the "Writ of Permanent Injunction" as one order) of the court below "granting a final injunction to the Plaintiffs [Hook & Miller], who have represented they are no longer in business, without there being any bond and final judgment, and also from the refusal of the Court to grant an injunction to * * * Hook & Ackerman, Inc., to restrain unfair competition and trademark and trade name infringement * * *".

■ Hook & Miller filed a motion to docket and dismiss the appeal. In this motion reference is made to suits instituted by Hook & Ackerman in the United States District Court for the District of New Jersey and in the United States District Court for the Northern District of Alabama, it appearing that in the New Jersey suit Hook & Ackerman took the position that the declaratory judgment of August 21, 1952 was not a final decision and did not finally dispose of the issue of patent infringement. Reference is also made in the motion to a default judgment procured by Hook & Ackerman in the United States District Court for the Eastern District of New York, and to other operative facts which seem to be presently largely immaterial. It is difficult to see precisely on what ground the motion to dismiss is based but the ground appears to be that the adjudication by the court below of August 21,

1952, declaring Patent No. 2,247,796 not to be infringed was a final judgment, D.C., 106 F.Supp. 798, and since the original appeal was dismissed by this court for want of timely prosecution, the issue has been finally adjudicated and no present appeal on the same issue can lie. The second ground for the motion to dismiss appears to be that the court below by its decree of August 21, 1952 held that decisions in suits brought by Hook & Ackerman against customers of Hook & Miller in other district courts were not as a matter of law *res judicata* or binding on Hook & Miller.

Neither ground is jurisdictional in nature. Both go to the merits of the controversy. They are therefore insufficient to sustain the motion to dismiss.

■ So much for the grounds asserted in the written motion to dismiss filed by Hook & Miller in this court pursuant to our Rule 30. But other grounds for the dismissal of the appeal were asserted at the oral argument and since they are jurisdictional in nature, despite the failure of Hook & Miller to embody them in writing as required by our rule, we nonetheless are compelled to consider them before proceeding to the disposition of the controversy on its merits. There are two such grounds: (1) that the order denying Hook & Ackerman a *permanent* (as distinguished from a temporary) injunction is not an appealable one; and (2) that the court below had no jurisdiction to adjudicate the issue of unfair competition raised by Hook & Ackerman's answer and counter-claim under Hurn v. Oursler, 1933, 289 U.S. 238, 245–246, 53 S.Ct. 586, 77 L.Ed. 1148.

It should be noted *in limine* that the relief sought by Hook & Ackerman, as we have stated, was for a "partial" summary judgment and for a permanent injunction based on such a judgment to restrain Hook & Miller from continuing the alleged unfair competition. The unfair competition alleged in the answer

---

12. The word "partial" is nowhere explained in the briefs or moving papers but apparently refers to the fact that summary judgment was sought only as to the unfair competition issue and not as to infringement. Cf. Rule 56(d), F.R.C.P., 28 U.S.C.; Moore's Federal Practice, Vol. 6, p. 2295 et seq.

and counter-claim of Hook & Ackerman was to the effect that Hook & Miller are "palming off" their own gas-fired boilers "as if they were [the] patented boiler * * * " of Hook and Ackerman. In particular, Hook & Ackerman alleged that the Hook & Miller boiler was confusingly similar in name, in outside shape and form, and in construction. Hook & Ackerman also set out many other grounds for relief in its answer and counter-claim, including a breach of fiduciary relation by Hook & Miller with respect to certain license agreements. Added to these grounds are those set up by the supplemental motion referred to at an earlier point in this opinion. One of these grounds was to the effect that the invention, if it be such, described and claimed in the patent was made by the inventor, Harold S. Ackerman, while in the employ of Hook & Ackerman as an individual. It will be observed how chaotically the parties to the litigation have pleaded their case. But the claim of unfair competition made by Hook & Ackerman against Hook & Miller remains unadjudicated by the court below.

It is settled law that ordinarily a denial of a motion for summary judgment is not an appealable order. It is not a final decision within the purview of Section 1291, Title 28 U.S.C. Jones v. St. Paul Fire & Marine Ins. Co., 5 Cir., 1939, 108 F.2d 123; Morgenstern Chemical Co. v. Schering Corp., 3 Cir., 1950, 181 F.2d 160. But Hook & Ackerman moved for a permanent injunction, to be based upon the granting of a "partial" summary judgment and this also was denied. The motion was in effect a "double" motion, *viz.*, two motions combined in a single sentence. Without regard for empty formalism and treating the motion as if it were in fact two separate motions, can the circumstances of the instant case be distinguished from those of Morgenstern Chemical Company v. Schering Corporation, 3 Cir., 1950, 181 F.2d 160, 162? In that case the plaintiff moved for summary judgment to enjoin the defendant from certain alleged un-

fair trade practices, for damages and for other relief. The motion was denied and the appeal followed. We held in substance that when a motion for summary judgment is denied, which, if granted would have resulted in an injunction, there was no appealable order within the purview of Section 1292(1), Title 28 U.S.C., because "[i]n character and impact the [lower] court's action was not greatly different from an order continuing a cause already calendared for trial until some future date * * * " and that the order below lacked "the potential of drastic and far reaching effect on the rights of the parties which is characteristic of orders which decide the propriety of granting or refusing injunctions." We went on to say: "Such potential supplies the rational basis for the incursion upon the general policy proscribing interlocutory appeals in the exceptional situations covered by § 1292. This view has recently been expressed by the Supreme Court in its statement that § 1292 indicates 'the purpose to allow appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties.' Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 545, 69 S.Ct. 1221, 1225 [93 L.Ed. 1528]." The fact that in the case at bar the application was for a "permanent" as distinguished from a "temporary" injunction is immaterial. The label does not determine the nature of the motion. We adhere to our ruling in Morgenstern. It is clear that the provisions of Section 1291 are inapplicable. It follows, therefore, that the order of November 4, 1953 denying Hook & Ackerman an injunction is not an appealable order.

As to the "Writ of Permanent Injunction", it is not dispositive of the entire controversy between the parties. True, it permanently enjoins Hook & Ackerman from suing Hook & Miller or their customers for alleged infringement of the patent. But it does not affirmatively appear that the disposition of the issue of infringement disposes or can dispose of the issue of unfair competition

—an issue which has not yet been adjudicated by the court below. Therefore the injunction is not dispositive of the entire litigation. It is an interlocutory order and falls within the purview of Section 1292(1), which expressly makes appealable "[i]nterlocutory orders of the district courts * * * granting * * injunctions * * *." It follows that the "Writ of Permanent Injunction", is an appealable order and a certificate under Rule 54(b), F.R.C.P., 28 U.S.C., is not required.[13] In this connection we have noted the decision of the Court of Appeals for the Seventh Circuit in Packard Motor Car Co. v. Gem Manufacturing Co., 1950, 187 F.2d 65, but with all deference to the Court of Appeals for the Seventh Circuit we feel constrained not to follow it.

It follows that that portion of the motion which relates to the dismissal of the appeal from the "Writ of Permanent Injunction" filed by Hook & Miller must be denied. That portion of the motion to dismiss the appeal from the order of November 4, 1953 filed by Hook & Miller must be granted.

We should point out that there is a distinct possibility that the court below has no jurisdiction of the controversy relating to unfair competition because it is not "related" to the patent infringement issue. 28 U.S.C. § 1338(b). See Hurn v. Oursler, supra; Dubil v. Rayford Camp & Co., 9 Cir., 1950, 184 F.2d 899, 900–901; Musher Foundation v. Alba Trading Co., 2 Cir., 1942, 127 F.2d 9. In the present stage of the proceedings and on the instant chaotic record, we cannot determine whether or not the issue of unfair competition is based solely on the law of Pennsylvania, the State of which all the parties are citizens, or whether there is a federal cause of action within the purview of the Hurn and Dubil decisions.[14]

We come now to a discussion of the status of the "Writ of Permanent Injunction" aside from the motion to dismiss. The court below, as we have stated, adjudicated the issue of infringement and declared that the Hook & Miller boiler did not infringe United States Patent No. 2,247,796. See D.C., 106 F.Supp. 798, supra. An appeal was taken from that adjudication to this court and we dismissed the appeal for want of prosecution. By statute, Section 2201, Title 28 U.S.C., the declaratory judgment had "the force and effect of a final judgment or decree" and was "reviewable as such." It was final and binding on Hook & Ackerman. Thereafter, after further proceedings in the protracted litigation, the court below granted the permanent injunction of November 4, 1953, appealed from herein, but extended the scope of the injunction to include agents and customers of Hook & Miller, when patent infringement was alleged.

13. See Moore's Federal Practice, Vol. 6, pp. 233–4. Cf. Pang-Tsu Mow v. Republic of China, 1952, 91 U.S.App.D.C. 324, 201 F.2d 195, 197. It will be noted that in the Mow case the decree appealed from, a *preliminary* injunction, had been made *permanent*.

14. The record in the court below contains assertions which look both ways. Hook & Ackerman's counter-claim alleges that Hook & Miller's unfair competition consists of "palming off" their own gas fired boilers "as if they were patented boiler of defendant." This appears to say that the unfair competition complained of is the same as the patent infringement that Hook & Ackerman also alleged. On the other hand, the transcript of the pre-trial hearing contains the following exchange, which indicates that Hook & Ackerman considered the unfair competition issue separate from patent infringement:

"The Court: The issue I expect to try next Monday is the issue of infringement.

"Mr. Price (counsel for Hook & Ackerman): There are a number of issues on the counterclaim, your Honor.

"The Court: I know, but I don't think we are going to get to your counterclaim until we dispose of that.

"Mr. Price: You mean there are going to be two trials.

"The Court: It seems to me that is the way of it.

"However, the scope of your unfair competition counterclaim is affected, isn't it, by whether or not there is an infringement?

"Mr. Price: No, it isn't, your Honor."

We cannot tell, however, from the memorandum opinion of the court below on what ground it granted the writ of permanent injunction. It made no findings of fact and we are unable to tell whether or not it extended the scope of the injunction in the light of the principle enunciated in National Hairdressers and Cosmetologists Ass'n, Inc. v. Philad Co., supra. Rule 52(a), F.R.C.P., requires the district court to "find the facts specially and state separately its conclusions of law thereon" in two specified situations: "In all actions tried upon the facts without a jury or with an advisory jury" and "in granting or refusing interlocutory injunctions". A permanent injunction, when issues of fact determine whether or not it should be granted, comes within the quoted scope of Rule 52. Generally speaking, findings of fact should be made in connection with decisions of the district court when the decision turns upon questions of fact, as distinguished from questions of law. See Moore's Federal Practice, Vol. 5, p. 2662 et seq. In the case at bar, whether or not an injunction should issue to enjoin Hook & Ackerman from suing Hook & Miller's customers for patent infringement depends upon important questions of fact. Do any customers of Hook & Miller exist at all? Does Hook & Ackerman seriously threaten patent infringement suits? Is Hook & Miller still in the business of manufacturing boilers in any way similar to Hook & Ackerman's boilers? These are some of the facts which should have been expressly found by the district court before issuing its injunction. It is necessary, therefore, to vacate the "Writ of Permanent Injunction" and remand the case for further appropriate action by the court below.

In conclusion we state that the court below by an appropriate order should require the parties to define the issues presented by clear cut pleadings, which conform with the Federal Rules of Civil Procedure and, if in the opinion of the court below the facts and the law would warrant such a course, to permit amendments to the end that the issues may be clearly defined. The pleadings in the instant case as they now exist are almost an example as to what pleadings should *not* be.[15] Other questions are presented which probably should be cleared upon the record. For example, should there be a suggestion of the death of Hook? Does the action continue after Hook's death or has it abated? Is the Hook & Miller formal partnership no longer in existence? Are Hook & Miller or their successors engaged in the manufacture of boilers?

That portion of the motion to dismiss the appeal relating to the order of November 4, 1953, filed by Hook & Miller will be granted. That portion of the motion to dismiss relating to the dismissal of the appeal from the "Writ of Permanent Injunction" will be denied. The permanent injunction will be vacated. The cause will be remanded to the court below with directions to proceed in conformity with this opinion.

APPENDIX

July 19, 1949. Complaint filed.

March 10, 1950. Complaint dismissed by order of the court below. D.C., 89 F.Supp. 238.

February 5, 1951. Order of dismissal reversed by this court, on appeal. 3 Cir., 187 F.2d 52.

May 28, 1951. Answer and counterclaim filed.

April 2, 1952. Order of court below restraining Hook & Ackerman from prosecuting cross-claims against Hook and Miller in three other

---

15. For example, Hook & Ackerman combined their claims of unfair competition and their defense to the validity and alleged infringement of the patent in a series of paragraphs quite undifferentiated as to the points covered. There is no breakdown, for example, between the answer and the counterclaim. Pleading properly employed is a keen instrument for arriving at issues. Absent proper pleading law suits become interminable and the rights of the parties are lost.

named actions in United States District Courts.

May 1, 1952. Notice of appeal from order of April 2 filed.

August 21, 1952. Order of court below declaring Patent No. 2,247,796 not infringed by Hook & Miller. D.C., 106 F.Supp. 798.

September 22, 1952. Notice of appeal from decree of August 21 filed.

December 23, 1952. Hook & Ackerman filed suit against Metropolitan Sales Company in the Supreme Court of New York.

January 6, 1953. Order of the court below temporarily restraining Hook & Ackerman from prosecuting the suit against Metropolitan Sales Company.

January 16, 1953. Temporary restraining order dissolved.

January 16, 1953. Hook & Miller filed a petition for "further relief" under Section 2202, Title 28, USC.

January 21, 1953. Hook & Ackerman filed counter-petition and motion to dissolve or modify the injunction of April 2, 1952.

January 26, 1953. Appeal from decree of August 21, 1952, dismissed by this court for want of timely prosecution.

February 6, 1953. Order of April 2, 1952, affirmed by this court. 3 Cir., 201 F.2d 512.

March 20, 1953. Order by the court below denying both Hook & Miller's petition of January 16, 1953, seeking further relief under Section 2202, Title 28, USC, and Hook & Ackerman's counter-petition and motion of January 21, 1953. D.C., 111 F.Supp. 76.

May 19, 1953. Hook & Miller moved to enjoin Hook & Ackerman from suing Hook & Miller or Hook & Miller's customers for patent infringement in any other court.

May 29, 1953. Judgment of Supreme Court of New York, finding that Metropolitan had unfairly competed against Hook & Ackerman.

October 9, 1953. Hook & Ackerman moved for partial summary judgment and for judgment permanently enjoining Hook & Miller from continuing unfair competition.

October 14, 1953. Hook & Ackerman filed a supplemental motion seeking a declaration of non-infringement as to "MG" and "PH" boilers, and declaring the patent to be the property of Hook & Ackerman.

November, 4, 1953. Court below entered Memorandum Opinion, Writ of Permanent Injunction, and Order.

November, 30, 1953. Notice of appeal filed by Hook & Ackerman, appealing from the issuance of the Writ of Permanent Injunction, and from the Order denying motion for summary judgment and a permanent injunction.