NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-3396, 15-3397 and 15-3398
_____

AMAZON PRODUCE NETWORK, L.L.C.,
                                        Appellant

v.

NYK LINE,
a/k/a NIPPON YUSEN KAISHA,
a/k/a NYK LINE NORTH AMERICA INC.


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-00952)
(D.C. Civil No. 2-15-cv-00953)
(D.C.  Civil No. 2-15-cv-00954)
District Judge: Honorable Harvey Bartle, III

_____


Argued: June 9, 2016

Before: CHAGARES, KRAUSE, and SCIRICA, Circuit Judges

(Filed: February 15, 2017)

Eugene J. Maginnis, Jr., Esq. [ARGUED]
Dugan Brinkmann Maginnis & Pace
1880 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA  19103

    *Counsel for Appellant*

Richard Q. Whelan, Esq. [ARGUED]
Palmer Biezup & Henderson
190 North Independence Mall West
Suite 401
Philadelphia, PA  19106

> *Counsel for Appellee*

_____

OPINION[*]

_____

**SCIRICA**, *Circuit Judge*

Amazon Produce Network appeals an order dismissing its complaint against NYK Line on *forum non conveniens* grounds.  We will affirm.

**I.**

Amazon, a fruit importer, contracted with NYK, a Japanese shipping company, to deliver shipments of mangoes from Nicaragua and Costa Rica to Los Angeles in the spring of 2014.  Amazon alleges when the mangoes arrived in Los Angeles, they were damaged.  To recover for the damage, Amazon brought this lawsuit against NYK in the U.S. District Court for the Eastern District of Pennsylvania.

In response, NYK filed a motion to dismiss based on a forum selection clause in its contract with Amazon providing for dispute resolution in a Japanese court.  The clause states:

> (Governing Law and Jurisdiction) The contract evidenced by or contained in this Bill shall be governed by Japanese law except as may be otherwise

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

provided herein. Notwithstanding anything else contained in this Bill or in any other contract, any and all actions against the Carrier in respect of the Goods or arising out of the Carriage shall be brought before the Tokyo District Court in Japan to the exclusion of the jurisdiction of any other courts . . . .

App. 259a-260a.

In its introduction to the motion, NYK identified the grounds for dismissal as improper venue under Federal Rule of Civil Procedure 12(b)(3). App. 116a. But the arguments advanced and cases cited in its supporting brief focused not on Rule 12(b)(3), but on *forum non conveniens*. For example, NYK argued there was no public policy justification for refusing to enforce the forum selection clause, an argument that is crucial to a *forum non conveniens* analysis but not an improper venue analysis.[1]

Amazon advanced two arguments in its opposition to NYK's motion to dismiss. First, it argued NYK's motion was procedurally flawed because NYK incorrectly sought dismissal for improper venue.[2] And second, it disputed NYK's assertion that no public policy justified departure from the forum selection clause, arguing that the application of Japanese law would contravene the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq*. Amazon contended that COGSA provided for a maximum

---

[1] Furthermore, in NYK's Reply to Amazon's Omnibus Response to their Motion to Dismiss, NYK requested that "this Court construe [their motion to dismiss] in accordance with the doctrine of *forum non conveniens* and dismiss the Complaints on the basis of the Plaintiff's violation of the foreign forum selection clause, as set forth in the Brief in Support and below." J.A. 308a.

[2] In *Atlantic Marine Construction Co. v. U.S. District Court*, the Supreme Court held that "Rule 12(b)(3) [is] not [a] proper mechanism[] to enforce a forum-selection clause," and that "[i]nstead, the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." 134 S. Ct. 568, 580 (2013).

3

recovery of $500 per package delivered, while Japanese law only provided for a maximum recovery of $483.18 per package.

The District Court rejected Amazon's arguments and granted NYK's motion to dismiss. It held that "[w]hile defendant references Rule 12(b)(3) and not forum non conveniens . . . [it] has done enough to advocate under the appropriate procedural vehicle for its motion to dismiss," rejecting Amazon's argument that NYK's motion was procedurally flawed. *Amazon Produce Network, LLC v. NYK Line*, 143 F. Supp. 3d 252, 254-55 (E.D. Pa. 2015). In addition, the District Court explained Amazon made a mathematical error in calculating its maximum recovery under Japanese law. In fact, "a Japanese court invoking Japanese law would award a cargo owner or consignee a maximum sum . . . which is worth more, not less, than would be awarded . . . under United States law." *Id.* at 256. Accordingly, the Court rejected Amazon's public policy arguments, enforced the forum selection clause, and dismissed the complaint on *forum non conveniens* grounds. This appeal followed.

## II.[3]

We review a dismissal on *forum non conveniens* grounds for abuse of discretion. *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 631-32 (3d Cir. 1989). "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1333, and we have jurisdiction under 28 U.S.C. § 1291.

4

Amazon's primary argument is that the District Court erred by construing the basis for NYK's motion to dismiss as *forum non conveniens*. According to Amazon, because the introduction to NYK's motion identified the grounds for dismissal as "improper venue under Federal Rule of Civil Procedure 12(b)(3)," the District Court should have construed the basis for the motion as improper venue.

In determining how to construe an ambiguous motion, we have instructed courts to focus "on the function of the motion, not its caption." *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984); *see also Hook v. Hook & Ackerman, Inc.*, 213 F.2d 122, 128 (3d Cir. 1954) ("The label does not determine the nature of the motion."). The District Court properly applied that principle to this case, recognizing that NYK's misidentification of its motion should not carry greater weight than the substance of the arguments within it. Because NYK advanced *forum non conveniens* arguments and cited *forum non conveniens* cases in its motion, and Amazon responded with its own *forum non conveniens* arguments and cases, we agree with the District Court's decision to construe the basis for NYK's motion as *forum non conveniens*.

Amazon's remaining arguments assume we would treat NYK's motion as an improper venue motion. It does not contest the District Court's *forum non conveniens* holding that no public policy justification exists for refusing to enforce the forum selection clause. Given that the only public policy justification advanced by Amazon in the District Court was based on a mathematical error, its failure to contest the District Court's holding is unsurprising. We conclude the District Court did not abuse its discretion in dismissing Amazon's complaint on *forum non conveniens* grounds.

5

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.