CARBIDE & CARBON CHEMICALS COR-
PORATION v. UNITED STATES IN-
DUSTRIAL CHEMICALS, Inc.

No. 5149.

Circuit Court of Appeals, Fourth Circuit.
Jan. 10, 1944.

See, also, 49 F.Supp. 345; 52 F.Supp. 164.

Lawrence Bristol, of New York City (Leonard A. Watson and Tracy R. V. Fike, both of New York City, and Hershey, Donaldson, Williams & Stanley, of Baltimore, Md., on the brief), for appellant.

Dean S. Edmonds, of New York City (Venable, Baetjer & Howard, of Baltimore, Md., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and WARING, District Judge.

PARKER, Circuit Judge.

This is an appeal from an order dismissing a suit instituted to obtain a declaratory judgment as to the validity of Reissue Patent No. 22,241, a second reissue of the reissued patent before this court in United States Industrial Chemicals, Inc., v. Carbide & Carbon Chemicals Corp., 4 Cir., 121 F. 2d 665, and later before the Supreme Court, 315 U.S. 668, 62 S.Ct. 839, 86 L.Ed. 1105. Plaintiff is incorporated in New York and defendant in Delaware. Both have their offices and principal places of business in New York City. Defendant has a manufacturing plant in the State of Maryland; but no infringement of the reissue patent in controversy is alleged to have occurred in that state. The suit for declaratory judgment was dismissed by the judge below on the ground that a prior suit involving the same matter had been instituted and was pending in the Southern District of New York and that, notwithstanding defendant had qualified to do business and had appointed an agent to accept service of process in the State of Maryland, the venue statute relating to patent infringement suits did not authorize suit in that jurisdiction.

The facts are that, after the first reissue patent was held invalid by the Supreme Court, plaintiff filed a disclaimer in the Patent Office and obtained the second reissue. Shortly thereafter, on January 25, 1943, plaintiff's counsel wrote a letter to counsel for defendant giving them notice of the reissue and stating that plaintiff would consider any practice complained of in the former suit to be an infringement. Following the receipt of this letter, defendant, on February 25, 1943, instituted suit against plaintiff in the Southern District of New York asking a declaratory judgment to the effect that the second reissue patent was invalid. Plaintiff thereupon, on March 6, 1943, filed this suit for declaratory judgment in the District of Maryland asking that the second reissue patent be declared valid and that infringement thereof be enjoined with an accounting for profits and damages to the date of injunction.

Following the institution of suit in the Maryland court, plaintiff moved to dismiss the suit in the Southern District of New York on the two grounds that the pleadings failed to show an actual controversy existing between the parties and that, as a result of the prior litigation, the Maryland court was more familiar with the issues involved than the New York court. This motion was denied; and plaintiff thereupon filed answer in the New York suit asking the same relief as was asked in that in Maryland. Defendant replied in the New York court setting up the prior art relied upon in the prior Maryland litigation.

After the denial of plaintiff's motion to dismiss the New York suit, defendant moved to dismiss the Maryland suit and the motion was allowed. Subsequently and after the filing of the reply in the New York suit, plaintiff moved for a rehearing on the order of dismissal, but this was denied and an appeal from the order of dismissal was taken within the period of three months allowed by statute.

■ It is not necessary to pass upon the interesting venue questions relating to infringement suits argued upon the appeal, since plaintiff urges that its suit be considered as one for a declaratory judgment and not for infringement; and, when it is so considered, the discretion vested in the trial judge with respect to entertaining suits of this character appears to have been properly exercised. As said by this court in Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 324, "the discretion to grant or refuse the declaratory relief 'is a judicial discretion, and must find its basis in good reason,' and is subject to appellate review in proper cases. We think that this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations (see Borchard, Declaratory Judgments, 101); but it should not be exercised for the purpose of trying issues involved in cases already pending, especially where. they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction." Abundant reason for refusing to entertain the suit was that a prior suit was pending in which all issues could be tried with equal facility, that there was grave doubt under the venue statute as to the jurisdiction of the Maryland court and that

the New York court had passed upon the question raised as to facility of trial and had ruled that it would proceed with the case.

■ As we have pointed out a number of times, the pendency of a prior suit involving the same issues does not require the dismissal of a suit for declaratory judgment. Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665; Piedmont Fire Ins. Co. v. Aaron, 4 Cir., 138 F.2d 732. The granting of declaratory relief, however, is a matter resting in the sound discretion of the court; and the discretion is properly exercised when it appears that because of the pendency of another suit the suit for declaratory relief will serve no useful purpose. Ætna Casualty & Surety Co. v. Quarles, supra; Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558; Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620. Ordinarily, the court first acquiring jurisdiction of a controversy should be allowed to proceed with it without interference from other courts under suits subsequently instituted. Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925; Creamery Package Mfg. Co. v. Cherry-Burrell Corp., 3 Cir., 115 F. 2d 980; Milwaukee Gas Specialty Co. v. Mercoid Corp., 7 Cir., 104 F.2d 589; In re Georgia Power Co., 5 Cir., 89 F.2d 218; Silvray Lighting, Inc., v. Versen, D.C., 25 F.Supp. 223.

■■ The argument that the litigation could be tried with greater facility by the Maryland court than by the court in New York is without force. Both parties had their principal place of business in New York City and were represented by New York counsel. There is nothing to indicate that the convenience of witnesses or anyone else would be served by a hearing in Baltimore rather than in New York; and so far as courts are concerned, the courts of one District or Circuit must be presumed to be as able and as well qualified to handle litigation as those in another. When it is said in the cases that declaratory relief should be refused "where a proceeding involving identical issues is already pending in another tribunal where they can be tried with equal facility", the "equal facility" refers to matters affecting the convenience of parties and witnesses and the position of the case on the docket as affecting a speedy hearing, not to the knowledge or lack of knowledge of the trial judge. Acquaintance with the facts of prior liti-

gation is a matter of doubtful advantage; and certainly abuse of discretion may not be predicated of a judge's refusal to exercise the declaratory jurisdiction, in the face of the prior institution of suit in another District, merely because he has had experience in trying prior litigation involving like issues.

Another ground upon which the exercise of discretion by the lower court should be sustained is that there was unquestioned jurisdiction in the New York court, whereas the jurisdiction of the Maryland court was doubtful in view of recent decisions of the Supreme Court. Cf. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026; and Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 134 F.2d 545, 547. It is true that plaintiff had qualified to do business in the State of Maryland and had appointed an agent upon whom process might be served in that state. Under the decision in the Neirbo case, this made it suable in that state in a case where jurisdiction rested on diversity of citizenship, on the theory that the designation of an agent for the service of process in Maryland was a waiver of the privilege to be sued in the District of residence as required by Judicial Code Sec. 51, 28 U.S.C.A. § 112, and amounted to a consent to be sued in the state where the agent had been appointed. Venue in a suit for patent infringement, however, has been held to be governed exclusively by Sec. 48 of the Judicial Code, 28 U.S.C.A. § 109, limiting jurisdiction to the District of residence of the defendant or a District in which acts of infringement have been committed. The Stonite case, supra, is authority for the proposition that the venue in patent infringement suits is to be determined solely by application of Sec. 48 of the Judicial Code and is not to be extended by the provisions of Sec. 52 of the Judicial Code, 28 U.S.C.A. § 113, allowing suits based on diversity of citizenship against two defendants residing in different Districts of the same state to be brought in either District. Whether the appointment of an agent for the service of process waives the venue provisions of Sec. 48 of the Judicial Code as well as those of Sec. 51, has not been de-

cided by the Supreme Court, but the decision of the Second Circuit in the Bulldog Electric Products case, supra, is an express holding against the proposition and we know of no decisions supporting it.

Plaintiff argues that the suit here is not for patent infringement but to obtain a declaratory judgment and that Sec. 48 does not apply. The answer is that it is a suit to obtain a declaratory judgment with respect to the validity of a patent as to which infringement has been threatened and the relief asked is not merely the declaratory judgment but also an injunction and accounting. Such a suit must be brought in a court having jurisdiction in the premises and with proper regard to the venue provisions applicable to such suits; for it is well settled that the federal Declaratory Judgment Act, 28 U.S.C.A. § 400, does not add to the jurisdiction of the court "but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction." Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. It is not necessary, however, that we decide the jurisdictional question. The fact that it was present, that it presented grave difficulties and that a prior suit was pending in a court of unquestioned jurisdiction where the issues could be fully determined, was adequate ground for the exercise of the discretion involved in the dismissal.

There is yet a third consideration. In the motion to dismiss the suit pending in the Southern District of New York, the same arguments were put forward as are advanced here to resolve the conflict of jurisdiction in favor of the Maryland court. The New York judge decided the issue thus made against plaintiff and retained jurisdiction. A proper application of the rules of comity required that respect be accorded this adjudication. For the court below to have ignored it, would have led to an unseemly conflict of jurisdiction and would have benefited no one. Only extraordinary circumstances not present here would have warranted its being ignored. The discretion vested in the court below was wisely and properly exercised.

Affirmed.