**COX v. PENNSYLVANIA R. CO.**

District Court, S. D. New York.

July 31, 1947.

Roland J. Tellier, of New York City, for plaintiff.

Louis J. Carruthers, Esq., of New York City (Ralph E. Marson, of New York City, of counsel), for defendant.

HOLTZOFF, Associate Justice (sitting by designation).

The plaintiff, Frank T. Cox, Jr., a citizen and resident of New Jersey, sues the Pennsylvania Railroad Company in the Southern District of New York for personal injuries sustained by him as a passenger on a railroad train operated by the defendant. The injuries are alleged to have been suffered in a railroad wreck, which took place in the State of Pennsylvania. The defendant corporation is organized under the laws of the State of Pennsylvania, but is admitted to transact business in the State of New York and actually does business in this district. The defendant moves to dismiss the complaint on the ground of forum non conveniens. The motion is based on the ground that the wreck took place in Pennsylvania and that all of the material witnesses reside either in Pennsylvania or Illinois. The defendant urges that it will be greatly inconvenienced by a trial in this district.

 That this court has jurisdiction of the action and that the venue is properly laid here is not disputed. In fact, there is no room for invoking the doctrine of forum non conveniens unless in the first instance the court has jurisdiction and the venue is properly laid in the district in which suit is brought. It is well established that resort may be had to the doctrine of forum non conveniens and jurisdiction may be declined by the court only in exceptional circumstances. As was said by Mr. Justice Jackson in Gulf Oil Corporation v. Gilbert, 67 S.Ct. 839, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed".

The defendant, however, relies upon the decision of the Supreme Court in Gulf Oil Corporation v. Gilbert, supra, in support of its motion. In that case an action was brought to recover damages caused by an explosion which occurred in Lynchburg, Virginia. The plaintiff was a resident of that city, while the defendant was a Pennsylvania corporation qualified to do business in both Virginia and New York. The action was brought in the Southern District of New York. All of the witnesses resided in Virginia. The Court held that the doctrine of forum non conveniens was properly applicable under such circumstances and that the action brought in this district should be dismissed.

It is obvious, however, that the situation presented in the instant case is entirely different. Here the plaintiff is a resident of the District of New Jersey and if the action were brought in that district, the defendant could not complain.[1] In that event the ac-

---

[1] "Where there are only two parties to a dispute, there is good reason why it should be tried in the plaintiff's home forum if that has been his choice." Koster v. Lumbermens Mut. Cas. Co., 67 S.Ct. 828, 831.

tion could be tried in Newark, N. J., which is only about ten miles from the United States Courthouse in the Southern District of New York. If it would be inconvenient for the defendant to bring its witnesses from Pennsylvania and Illinois to New York, it would be equally so to take them to Newark. Consequently, the defendant's convenience will not be necessarily served by granting its present motion. The argument, therefore, that the defendant suffers any hardship by reason of the fact that the action has been instituted in the Southern District of New York is not well founded. On the other hand, in the Gulf Oil Corporation case, all witnesses were located in the district of the plaintiff's residence. As a result, the application of the doctrine of forum non conveniens saved the defendant from the trouble and expense of bringing numerous witnesses from Lynchburg to New York. No similar consequence would follow in the instant case.

It was suggested at the argument that the plaintiff's real purpose in selecting the Southern District of New York as its forum is that New York juries have a reputation of being liberal in determining the amount of damages to be awarded to a plaintiff if they decide in his favor. By the same token, however, the defendant is apparently endeavoring to remove the trial of this controversy from this jurisdiction because of a fear of juries said to be liberal toward plaintiffs. In fact, with commendable candor, counsel practically admitted that this was the principal motive for the present application. These circumstances, however, are of no concern to this court and will not be considered.

The court desires to call attention to the fact that the defendant in support of this motion makes a bald and general assertion that all of the material witnesses reside either in Pennsylvania or Illinois. This statement is not supported by any details. Thus, no names or addresses of the witnesses are given, or any statement as to what their testimony would be. While this omission, in itself, seems to constitute sufficient ground for denial of the motion, especially in the light of the fact that the plaintiff names certain witnesses who reside in New York, nevertheless, the court is disposing of the application on the broader ground that even if this defect were cured and it was clearly demonstrated that all of the material witnesses reside in Pennsylvania or Illinois, sufficient ground for invoking the doctrine of forum non conveniens does not appear. Motion denied.