**FAUCETTE v. LYKES BROS. S. S. CO., Inc.**

United States District Court
S. D. New York.

Jan. 7, 1953.

Klein & Ruderman, New York City, for plaintiff.

Tompkins, Boal & Tompkins, New York City, Terriberry, Young, Rault & Carroll, New Orleans, La., Arthur M. Boal, New York City, of counsel, for defendant.

WEINFELD, District Judge.

This is a motion to transfer made by the defendant under § 1404(a) of Title 28, United States Code.

■ This action is brought by the plaintiff, a seaman, under the Jones Act, for injuries received during a voyage and for alleged neglectful failure to provide him proper medical treatment. The significant facts on this motion are: (1) plaintiff is a resident of New Orleans; (2) defendant maintains its principal place of business at New Orleans; (3) plaintiff signed up for the voyage on which he was injured at New Orleans; the voyage commenced there and terminated at a Gulf Port; (4) plaintiff was taken ill at Singapore, and upon his return was hospitalized at the United States Marine Hospital at New Orleans; (5) all medical records, as well as defendant's records, including the various log books of the voyage, are at New Orleans; (6) the great majority of witnesses to be called by the defendant, and those likely to be called by the plaintiff, either reside in New Orleans, some adjacent vicinity, or regularly sail from that port; (7) none of the witnesses to be called resides in or near New York; of the entire crew, two members reside in New York City and one in Massachusetts, but there is no indication that either party plans to call any of these as witnesses; (8) a doctor who treated plaintiff resides in New Orleans. But a dispute exists as to whether he will be available for trial in this district, plaintiff contending that he will, whereas defendant asserts the contrary.

■ Upon a review of all the facts, I am persuaded that the defendant has sustained the burden cast upon it of establishing that the balance of inconvenience is strongly in its favor. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. I can discover no basis for the commencement of the action in this district other than that plaintiff's attorneys maintain their offices here. See Ortiz v. Union Oil Co. of California, D.C., 102 F.Supp. 492. On this record, it appears that the convenience of both litigants will best be served by a transfer.

The motion is granted.

Settle order on notice.