INTERNATIONAL DRY SPRAY CORP. and Sidney Bennett, Plaintiffs,

v.

WESTERN NEWSPAPER UNION, Defendant.

INTERNATIONAL DRY SPRAY CORP. and Sidney Bennett, Plaintiffs,

v.

SULLIVAN DRY SPRAY CO. and Frank Sullivan, Defendants.

United States District Court,
S. D. New York.

Dec. 30, 1954.

Harry Price, New York City, for plaintiff.

Peter S. Kurtz, New York City, for defendant.

EDELSTEIN, District Judge.

Defendants move for summary judgment in two patent infringement suits, in one of which the defendants are alleged to be manufacturers and vendors of the allegedly infringing device and in the other the defendant is alleged to be a user. Two patents are involved, to be referred to as the Wilson and Bennett patents, and defendants seek an adjudi-

cation that they are guilty of infringing neither; that the Bennett patent is void in that the device covered was in public use and was sold more than one year prior to the filing of the application for letters patent; that the Bennett patent is void because the person whose name is stated therein to be the inventor was not in truth the inventor; and that the plaintiffs are barred from maintaining this action pursuant to a stipulation between the parties in an action before the Supreme Court of New York County.

■ That stipulation was one for the discontinuance of an action to restrain unfair competition, brought by the present corporate plaintiff against the present defendants who manufacture and sell the allegedly infringing device. It was signed prior to the issuance of the Bennett patent and it reserves the right of action for patent infringement based upon past or future violations. Although the language is not as clear as could be desired, it does not, in my opinion, bar the maintenance of the present suits.

■ The defense that Bennett was not in fact the inventor of the device patented to him is supported by a statement in the affidavit of Sullivan. But the plaintiff Bennett denies that Sullivan was ever in a position to know such facts on personal knowledge and it does appear to me that Sullivan's statement is more of a conclusion than a recital of fact. The issue, therefore, may not be taken as resolved by the papers before me on these motions.

■ On the issue of the infringement of the Wilson patent and the defense that the device of the Bennett patent was in public use for more than one year prior to the filing of the application, defendant Sullivan recites a history of the apparatus and the persons and companies concerned with it, and sets forth the times and circumstances of the manufacture and sale of devices claimed to be identical to that of the Bennett patent for three years before the Bennett application. In addition an affidavit is supplied, by a mechanic who had been in the employ of the various manufacturing and vending companies, to the effect that such devices were the same, with interchangeable parts. However, there is, aside from these assertions, no specification of the identity of the structures or any descriptive comparison on the issue of the Bennett patent, nor any detailed distinction on the issue of the Wilson patent. The plaintiffs meet the issues with a bare categorical denial of the identity of equipment prior to the Bennett patent, and with a specification of infringements on the Wilson patent. The resolution of this dispute lies, obviously, in an analysis and comparison of the devices themselves. Toward the end that such resolution may be made on motions for summary judgment, the defendants supplied as exhibits, at the oral argument, examples of all the devices brought into issue and they have also submitted photographs with their papers. The suggestion is that an examination by the court of these exhibits will convincingly prove the issues of fact. To one skilled in the art such conviction might be readily achieved. But I am not skilled in the art, and while I am almost convinced, nevertheless I remain not without "the slightest doubt as to the facts * * *." Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135. These issues, therefore, are the kind which ought to be resolved at a trial, with a complete and detailed development of evidence explaining, describing and comparing the devices, rather than on a motion for summary judgment.

Accordingly, the motions will be denied.