**Benjamin CLAYTON, doing business under the fictitious name and style of Refining, Unincorporated, Plaintiff,**

**v.**

**SWIFT & COMPANY, a corporation, Defendant.**

**Civ. A. No. 1890.**

United States District Court
E. D. Virginia, Norfolk Division.
June 8, 1955.

that plaintiff is the sole owner, by way of assignment, of a certain patent No. 2,247,359; that an actual justiciable controversy exists; that plaintiff's patent is valid and has been infringed upon by defendant; and that defendant has denied the validity of the patent and has refused to pay royalties for the use of the invention or inventions referred to in said patent, which denial and refusal has been in writing. The prayer for relief asks this Court to (1) declare the rights and legal relations of the parties, (2) decree that patent No. 2,-247,359 is valid in law, (3) decree that the processes practiced by defendant infringe valid claims of said patent, and (4) grant a preliminary injunction against further infringement by defendant's officers, employees, agents, confederates, and all others controlled by defendant, together with an accounting for damages.

In legal effect, it appears that this is a patent infringement action instituted by way of a petition for declaratory judgment pursuant to the provisions of the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The able brief of counsel for plaintiff states that it is the full equivalent of a patent infringement action, and is an *alternative remedy* open to plaintiff.

Defendant filed a motion to dismiss and, in the alternative, to transfer the action to the United States District Court for the Northern District of Illinois, Eastern Division, in accordance with 28 U.S.C. § 1406(a). The motion to dismiss alleges the failure of the complaint to state a proper venue, and the additional fact that there is no allegation defendant has committed any act of infringement in the Eastern District of Virginia. Counsel freely admit that there is no present contention of any infringement, existing or threatened, within this District. Plaintiff readily concedes that the primary purpose of selecting this Court in which to bring the action is the favorable decision of this Court by the late Judge Luther B. Way in a case upholding the validity of a patent

Vandeventer, Black & Meredith, Norfolk, Va., Charles M. Thomas, Washington, D. C., Barron F. Black, for plaintiff.

Williams,. Cocke, Worrell & Kelly, Leigh D. Williams, Norfolk, for defendant.

HOFFMAN, District Judge.

Plaintiff, a resident of California, has instituted this action by way of a petition for declaratory judgment against defendant, Swift & Company, incorporated under the laws of the State of Illinois but having a regular and established place of business within this Judicial District and having domesticated in Virginia by appointing the Secretary of the Commonwealth of Virginia as its statutory agent. The petition alleges

closely related to the patent involved herein. In fact, the patent now under consideration has been referred to as a continuation-in-part of the prior patent, in which case the decree of Judge Way was affirmed by the Circuit Court of Appeals. Proctor & Gamble Mfg. Co. v. Refining, Inc., 4 Cir., 135 F.2d 900. It is not improbable that the pronouncements of the Fourth Circuit in the Proctor & Gamble case furnish a motive for defendant's desire to transfer this action.

The primary question in this case involves a consideration of the general venue statute, 28 U.S.C. § 1391, and the special venue provisions for patent infringement cases, 28 U.S.C. § 1400(b), as applied to petitions for declaratory judgments where plaintiff alleges infringement by defendant. An adjunct to this question of venue is the problem of whether this Court, in a case of doubtful venue, should transfer the action pursuant to 28 U.S.C. § 1406(a) to a District of unquestioned venue.

■ It is interesting to note the provisions of the venue statute relating to patent infringement cases. § 1400(b) of 28 U.S.C. provides as follows:

> "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement *and* has a regular and established place of business".

If it be true that a plaintiff may, by proceeding under the Federal Declaratory Judgment Act, obtain the "full equivalent" of a patent infringement action, then Congress would do well to repeal § 1400(b) as it would, in effect, be meaningless as to a corporate defendant. While it is fundamental that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate under Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C.A., it does not necessarily follow that the venue of such an action falls under 28 U.S.C. § 1391, which is the general venue statute and, as applied to this case, would, but for the provisions of § 1400(b), permit the action to be brought in this District as the defendant is a corporation licensed and doing business within the Eastern District of Virginia.

■ Essentially all of the cases instituted under the Declaratory Judgment Act involve plaintiffs who are alleged infringers and are desirous of determining their rights to prevent the accumulation of large damages in the event of an adverse decision. It is no longer necessary to await the institution of a patent infringement action under § 1400 (b) by the owner. Such declaratory judgment actions have universally been held to be subject to the general venue statute (now § 1391, formerly § 51). Crosley Corporation v. Westinghouse Electric & Mfg. Co., 3 Cir., 130 F.2d 474, certiorari denied 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546; American Blower Corp. v. B. F. Sturtevant Co., D.C.S.D. N.Y., 61 F.Supp. 756; Hook v. Hook & Ackerman, Inc., D.C.W.D.Pa., 89 F.Supp. 238; Independent Pneumatic Tool Co. v. Chicago Pneumatic Tool Co., D.C.N.D. Ill., 74 F.Supp. 502. In view of these decisions, plaintiff urges that this Court should disregard the provisions of § 1400(b).

The leading case of Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, is authority for the proposition that a designation by a foreign corporation of an agent for service of process is tantamount to a waiver of venue. While the Neirbo case involved a question of diversity of citizenship, courts have applied the same rule in patent declaratory judgment actions. American Blower Corp. v. B. F. Sturtevant Co., supra; Independent Pneumatic Tool Co. v. Chicago Pneumatic Tool Co., supra; Crosley Corporation v. Westinghouse Electric & Mfg. Co., supra [130 F.2d 476], in which the Court, in referring to the Neirbo case, had this to say:

> "This, however, would only enlarge the venue of suits *against* a

corporate patent owner and then only to states in which it had appointed a local agent for service of process".

This Circuit has applied the rule of the Neirbo case in Knott Corp. v. Furman, 4 Cir., 163 F.2d 199, but this latter opinion did not involve a patent infringement action by way of declaratory judgment.

The question now before this Court was squarely presented in Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., 4 Cir., 140 F.2d 47, 50. Had the Fourth Circuit specifically passed upon the issue, it is improbable that there would be any controversy before this Court at this time. An action by way of declaratory judgment as to the validity of a patent was instituted in the Federal Court in Maryland. Plaintiff and defendant were incorporated under the laws of New York and Delaware respectively. Defendant was qualified to do business in Maryland and had appointed an agent therein. No infringement was alleged to have occurred in Maryland, in fact, an infringement was only threatened as contrasted with an alleged infringement in the instant case. In affirming the action of the District Court in granting the motion to dismiss, Judge Parker said:

"It is not necessary, however, that we decide the jurisdictional question. The fact that it was present, that it presented grave difficulties and that a prior suit was pending in a court of unquestioned jurisdiction where the issues could be fully determined, was adequate ground for the exercise of the discretion involved in the dismissal".

In the case at bar there is no prior suit pending in a court of unquestioned jurisdiction, but this case could be transferred to such a jurisdiction if "doubtful venue" is of sufficient importance to be considered as ground for transfer under 28 U.S.C. § 1406(a). In the opinion of this Court such a factor should be given great weight in exercising appropriate discretion in such a case, thereby avoiding the delay and expense incident to litigation in a District where the venue is at least doubtful. Certainly, to this extent, the case of C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 194 F.2d 410, 415, affirmed by divided Court, 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 695, rehearing denied, 344 U.S. 900, 73 S.Ct. 273, 97 L.Ed. 668, is controlling as the Seventh Circuit reversed the District Judge in mandamus proceedings and directed a dismissal of the case or, if it "be in the interest of justice", to transfer the same to an appropriate District under the discretionary provision of § 1406(a).

The C-O-Two case decided by the Seventh Circuit has been criticized rather severely by the Fifth Circuit in Dalton v. Shakespeare,[1] 196 F.2d 469, and Guiberson Corp. v. Garrett Oil Tools, Inc., 205 F.2d 660. All three cases involve patent infringements. The practical effect of the C-O-Two case is based upon the logical reasoning that a general venue statute must give way to a special venue statute in patent infringement cases. Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. If it became necessary for this Court to so hold, it would follow the principle of the C-O-Two case as otherwise § 1400(b) would be effectively emasculated as the same may pertain to a corporate defendant.

It is readily recognized that Courts should be liberal in the exercise of discretion to entertain declaratory judgment actions. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; American Casualty Co. of Reading, Pa. v. Howard, 4 Cir., 173 F.2d 924. However, should this liberal discretion be exercised in a case of "doubtful venue"? It

1. District Judge Hutcheson (Eastern Virginia) apparently approved of the doctrine in Dalton v. Shakespeare, supra, but the factual situation is not revealed in the reported case of Columbia Boiler Co. of Pottstown, Inc., v. Hutcheson, 4 Cir., 222 F.2d 718.

is submitted that such action would give rise to needless expense and perhaps a reversal without an adjudication on the merits of the controversy. For the same reasoning the fundamental rule not to disturb the plaintiff's choice of forum fails of application.

Plaintiff's argument that, in selecting this forum, plaintiff desired to avail himself of the favorable views of this Circuit in the Proctor & Gamble case is effectively foreclosed by Judge Parker's reasoning in Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., supra, wherein he said:

"Acquaintance with the facts of prior litigation is a matter of doubtful advantage; and certainly abuse of discretion may not be predicated of a judge's refusal to exercise the declaratory jurisdiction, in the face of the prior institution of suit in another District, merely because he has had experience in trying prior litigation involving like issues".

Moreover, it is difficult to believe that any other District Judge or Circuit Court of Appeals would not give mature consideration to the Proctor & Gamble case, if applicable. Where plaintiff has selected a forum by reason of a reputation for "liberal juries", it has been held that this is insufficient ground for transfer (Cox v. Pennsylvania R. Co., D.C., 72 F. Supp. 278), but it cannot be assumed that a similar situation exists as to the favorable application of the law of patents for determination by a jurist.

The able briefs submitted by counsel for both parties devote extensive arguments to the "convenience of the parties", etc., in efforts to justify or oppose a transfer of the action. Transfer for convenience is covered under 28 U.S.C. § 1404(a), as distinguished from § 1406 (a), which is as follows:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought".

The short answer to the question here presented apparently lies in the case of Phillips v. Baker, 9 Cir., 121 F.2d 752, 756, certiorari denied 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551, in which there was a doubtful question of venue as to whether a corporation "doing business" in California was the same as a corporation having "a regular and established place of business" under the patent infringement statute, 28 U.S.C. § 1400(b), formerly § 109. The Court said:

"Should we spell out the strongest possible case to support the jurisdiction under the facts here presented, the most that we could say is that it is extremely doubtful. 'In this situation, it is better that the parties be remitted to the district where there is no doubt as to the jurisdiction, before, rather than after, expensive and protracted litigation has been had.'"

To the same effect, see Zimmers v. Dodge Bros., D.C., 21 F.2d 152; Haight v. Viking Pump Co. of Delaware, D.C., 29 F. Supp. 575.

█ If the opinion in the instant case should be based solely upon the convenience of the parties and witnesses under § 1400(b), while the balance is slightly in favor of the defendant, it is insufficient to justify a transfer under Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329; Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, and other decided cases.

█ By reason of the doubtful question of venue presented herein and what appears to be a conflict in the decisions of various Circuits, this Court invites mandamus proceedings if the plaintiff be so advised to institute same. An order will be entered denying defendant's motion to dismiss and granting the alternative motion to transfer this action to the United States District Court for the Northern District of Illinois, Eastern Division, or, upon appropriate motion by

way of an amended petition setting forth the place of any alleged act of infringement where defendant may also have a regular and established place of business, the Court will, at the option of plaintiff, transfer said action to that particular District.