Benjamin **CLAYTON**, doing business under the fictitious name and style of Refining, Unincorporated, Plaintiff,

v.

**SWIFT & COMPANY**, a corporation, Defendant.

Civ. No. 1101.

United States District Court W. D. North Carolina, Charlotte Division. Jan. 10, 1956.

**220**

John M. Robinson, Charlotte, N. C., for plaintiff, Charles M. Thomas, Washington, D. C., Barron F. Black, Norfolk, Va., on the brief.

Craighill, Rendleman & Kennedy, Charlotte, N. C., for defendant.

WARLICK, District Judge.

This is a typical patent infringement case, laid in the Charlotte Division of the Western District of North Carolina, under 28 U.S.C. § 1400(b) "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The complaint alleges that plaintiff now owns through a valid assignment and has sole control as such over letters patent No. 2,247,359, duly issued under the patent laws of the United States. That defendant is infringing said patent; that plaintiff is endamaged and that injunctive relief should be granted, damage assessed, and further intermeddling stopped. Jurisdiction is laid in the court by Title 28 U.S.C. § 1338.

Defendant in due time moves for an order transferring the case to the United States District Court for the Northern District of Illinois, Eastern Division, for the convenience of parties and witnesses and in the interest of justice, in accordance with Section 1404(a) Title 28 of the United States Code, which is in the following words: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

On the hearing and from the lengthy affidavits filed, evidence heard and argument advanced, it is made to appear that plaintiff is a business man of large and varied interests, and carries on his activities in many places over the United States. He has a place of residence in Pasadena, California and another in Houston, Texas, where it is alleged he does business under a sole proprietorship. He maintains offices and has research facilities and pilot plants in and near Chicago, and likewise maintains two main research and development laboratories in New York City and has other offices as well as incidental places of business elsewhere in the United States. He has no interest whatsoever in the Western District of North Carolina.

The defendant is an Illinois corporation with its main offices, principal laboratories, main research staff, including its principal records, located in the City of Chicago. Its general counsel, patent counsel, and virtually all of the experts constituting its staff reside in Chicago, and in its suburbs. It has large vegetable oil refineries and research facilities, including pilot plants in the greater Chicago area, and likewise has similar plants located in many other places in the United States and abroad. It maintains a small refinery in Charlotte which, however, does not have any laboratory facilities and no technical men are employed there, by which tests or demonstrations could be carried out.

Plaintiff very frankly admitted this forum was selected in view of a favorable, if not controlling decision, heretofore made by the Court of Appeals for this Circuit, in Proctor & Gamble Manufacturing Co. v. Refining, Inc., 4 Cir., 135 F.2d 900.

An action involving these same averments and seeking a similar relief was

originally instituted in the United States District Court for the Eastern District of Virginia, Norfolk Division, by the parties hereto, and following the June 8, 1955 decision of Judge Hoffman, 132 F.Supp. 154, this case was filed in this division. Plaintiff made the same argument with respect to selecting the Virginia forum that he made before me in his selection of this division in which to institute his action.

Judge Hoffman held that such argument was effectively foreclosed by Judge Parker's reasoning in Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., 4 Cir., 140 F.2d 47, 49, 50, wherein he said:

"Acquaintance with the facts of prior litigation is a matter of doubtful advantage; and certainly abuse of discretion may not be predicated of a judge's refusal to exercise the declaratory jurisdiction, in the face of the prior institution of suit in another District, merely because he has had experience in trying prior litigation involving like issues." Moreover, Judge Hoffman said:

"It is difficult to believe that any other District Judge or Circuit Court of Appeals would not give mature consideration to the Proctor & Gamble case, if applicable. Where plaintiff has selected a forum by reason of a reputation for 'liberal juries', it has been held that this is insufficient ground for transfer (Cox v. Pennsylvania R. Co., D.C., 72 F. Supp. 278), but it cannot be assumed that a similar situation exists as to the favorable application of the law of patents for determination by a jurist". Clayton v. Swift & Co., D.C., 132 F.Supp. 154, 158.

Both plaintiff and defendant were given considerable time in argument and each filed exhaustive briefs in the case, undertaking to show the convenience or lack of convenience that would be caused by removing the case as requested or by permitting it to remain for trial in this district, as filed. The distance between Charlotte and Chicago by rail, bus, air travel, and private conveyance and the time entailed in each means, together with the distance between California and Chicago, Texas, New York, Washington and Chicago were all thoroughly discussed.

The issues that will be raised, the technical evidence that likely will be offered and the many factors that will obviously arise as the trial will unfold, were all pointed up with much effectiveness. It is evident that the trial of the case will be largely technical and will require the testimony of experts as witnesses who are technically trained and who supposedly know what they are talking about. The patent involves certain processes successful in refining vegetable matter. I am told that defendant has been paying royalties to the plaintiff over the whole of the period since the patent was granted to his predecessor in title. The trial will involve the extension of the life of the patent beyond its seventeen year period, and accordingly the proposed rights and the factors that such will likely cover will require a great amount of technical testimony, and obviously will involve many witnesses on both sides and will require much research and likely many tests. This undoubtedly will necessitate the use of the facilities which each side possesses in either the Chicago or the New York area.

■ Since Congress enacted sec. 1404 (a) in 1948 various constructions have been placed on its terms and the meaning thereof by the courts, and I greatly fear that the true intent and purpose that brought about its enactment has become cloudy by these interpretations, as set out in many cases cited in the brief. However, our Supreme Court in a decision of April 11, 1955, clearly set the pattern for its construction, when it said:

"As a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers up-

on a lesser showing of inconvenience. This is not to say that the revelant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader." Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 546.

It is now therefore not looked upon as a mere codification of existing law relating to *forum non conveniens,* for as Judge Parker said:

> "It is perfectly clear that the purpose of this section of the Revised Judicial Code was to grant broadly the power of transfer for the convenience of parties and witnesses, in the interest of justice, whether dismissal under the doctrine of forum non conveniens would have been appropriate or not." Jiffy Lubricator Co., Inc., v. Stewart-Warner Corp., 4 Cir., 177 F.2d 360, 362. See also Moore, Commentary on the Judicial Code (1949 ed.) p. 208.

This case indicates clearly the necessity for its enactment.

To my way of thinking it means nothing more than that one use his God given common sense in interpreting it into the facts of a case.

■ I am therefore of the opinion that to try this case in Charlotte would convenience no one. The witnesses for each side would have to come there. Records would likewise have to be brought along. Each one concerned would travel hundreds of miles and inconvenience after inconvenience would naturally come about. Charlotte, though a grand city, has nothing in common with this trial. Hence I conclude that a more convenient trial of the issues can be had and all parties and witnesses more nearly convenienced and the interest of justice better served, by transferring the cause to the United States District Court for the Northern District of Illinois, Eastern Division. This I consequently do. It is so ordered.

Counsel will submit order of transfer.