**Irvin R. MILLER, doing business as Argo Lamp Company, Plaintiff,**

v.

**The STIFFEL COMPANY, Defendant.**

United States District Court
S. D. New York.
Feb. 10, 1958.

Ostrolenk, Faber, Gerb & Soffen, New York City, for plaintiff, Marvin C. Soffen, New York City, of counsel.

Burgess, Ryan & Hicks, New York City, for defendant, H. H. Hamilton, New York City, Casper W. Ooms, Chicago, Ill., of counsel.

DAWSON, District Judge.

This is an action in which plaintiff demands a declaratory judgment of invalidity and non-infringement of two of defendant's patents on a pole lamp, and also a judgment that defendant has competed unfairly. Defendant has counterclaimed for infringement of its two patents, and for unfair competition.

Plaintiff now moves for summary judgment of invalidity of the two patents and summary judgment with respect to defendant's counterclaim for unfair competition.

The principal basis of plaintiff's motion seems to be that the patents involved in the action, being Stiffel Patent No. 2,793,286 and Stiffel Design Patent No. 180,251, were anticipated by prior French and British patents.

Under Rule 56(c) of the Rules of Civil Procedure, 28 U.S.C.A., summary judgment may not be granted unless it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." There are certainly genuine issues of fact in this matter relating to defendant's counterclaim for unfair competition. Furthermore, it cannot be expected that the Court, by examining certain patents issued in foreign countries, can reach a determination as a matter of law as to whether the patents involved in the suit are valid or not. As Judge Chase has heretofore pointed out, if a court were skilled in the art it might be simple to determine whether there was any genuine issue as to a material fact with reference to the anticipation of a patent, but courts lack that specialized knowledge which would permit them to read patents so understandingly. Bridgeport Brass Co. v. Bostwick Laboratories, 2 Cir., 1950, 181 F.2d 315, 319. In fact the question as to what might or might not have been an anticipation is one with which a District Court Judge is ill-equipped to deal. As Mr. Justice Frankfurter has pointed out:

"It is an old observation that the training of Anglo-American Judges ill fits them to discharge the duties cast upon them by patent legislation." Marconi Wireless Telegraph Co. of America v. United States, 1943, 320 U.S. 1, at pages 60–61, 63 S.Ct. 1393, at page 1421, 87 L.Ed. 1731.

Under such circumstances this Court cannot state that no genuine issue of a material fact exists with reference to the validity of the patents involved in the suit. Those issues can best be determined at a trial where the court will have the advantage of examining not merely the documents and prior patents, but also the benefit of such expert testimony as the parties wish to present. See International Dry Spray Corp. v. Western Newspaper Union, D.C.S.D.N.Y. 1954, 127 F.Supp. 481.

The motion for summary judgment is denied. So ordered.