The STIFFEL COMPANY, Plaintiff,

v.

SEARS, ROEBUCK & CO., Defendant.

Civ. A. No. C-172-G-57.

United States District Court
M. D. North Carolina,
Greensboro Division.

May 28, 1958.

Welch Jordan, Greensboro, N. C., Casper W. Ooms, Robert C. Williams and Max R. Kraus, Chicago, Ill., for plaintiff.

Thornton H. Brooks, Greensboro, N. C., Lederer, Livingston, Kahn & Adsit and Frank H. Marks, Chicago, Ill., for defendant.

STANLEY, District Judge.

This is a suit for patent infringement wherein the plaintiff charges the defendant with infringement of a mechanical patent and a design patent, both pertaining to a lighting fixture. Also included in the complaint is a count for alleged unfair competition. Both counts are predicated on the alleged sale by the defendant of the same item. Jurisdiction of this court is invoked under 28 U.S.C.A. § 1338(a, b) and 28 U.S.C.A. § 1400(b). It is alleged that the defendant maintains a regular and established place of business in this district and that an infringing sale took place here. The same act allegedly constitutes unfair competition.

The defendant has timely moved under 28 U.S.C.A. § 1404(a) to transfer this suit to the Northern District of Illinois, Eastern Division, where it might have been brought, on the ground that the convenience of the parties and witnesses and the interest of justice will be promoted by such transfer.

From the complaint and affidavits filed in support of the defendant's motion to transfer, it appears that the plaintiff is an Illinois corporation having its principal place of business at 525 West Superior Street, Chicago, Illinois; that the defendant is a New York corporation, but maintains its principal place of business at 925 South Homan Avenue, Chicago, Illinois; that the defendant has for many years maintained its principal executive and buying offices, and its books and records employed in the operation of said offices, in Chicago; that the defendant's buying personnel and other administrative and executive personnel having knowledge of the matters involved in this suit, together with their books and records, are also in Chicago; that plaintiff does not have a place of business in the State of North Carolina, and is represented in this action by three Chicago attorneys and one Greensboro attorney; that the defendant has retail stores in all states of the union and has sold the accused lighting fixtures in many of its stores, including one or more of its stores in the City of Chicago; that the defendant's store in Greensboro, North Carolina, has never regularly stocked the accused lighting fixture, and has sold only one sample fixture which it had on hand; that the defendant purchased the fixtures in question on open market from a manufacturer in Philadelphia, Pennsylvania, which manufacturer is entirely independent of the defendant; that said manufacturer maintains all of its books and records pertaining to said article in Philadelphia; that all the witnesses upon whom the defendant expects to rely to sustain its defense in this case are located in Chicago, and that many of these witnesses are not connected in any way with the defendant and may be unwilling to voluntarily appear and testify; that the transfer of this case to the Northern District of Illinois, Eastern Division, will enable the defendant to secure the compulsory attendance of witnesses and records necessary to the trial of the issues of validity and infringement of the patent here in suit, and will eliminate the expense of bringing willing witnesses, records and physical exhibits from Chicago to Greensboro; that the defendant expects to use one or more witnesses from its buying organization, one or more witnesses from its advertising staff, one or more witnesses from its

department that deals with its store display apparatus, all of whom maintain permanent residences in Chicago, or in the immediate vicinity thereof; that defendant will also present a number of witnesses, possibly up to five, to testify to the invalidity of the patent in suit, and that such witnesses would be officials of various manufacturers who have produced and sold articles similar to the patented goods long prior to the date of the alleged invention of the patents in suit; that the defendant will present at the trial a dozen or more actual specimens of the articles pertaining to the issues involved in this case, and such articles are extremely bulky and would be awkward and expensive to be shipped to Greensboro where they would have to be unpacked and assembled for presentation in the courtroom; that the defendant will also present voluminous documentary evidence pertaining to the prior art invalidating the patent in suit, and that the bulk of such documentary material would be such as would fill at least one full filing cabinet drawer of usual dimensions; that the defendant believes that the plaintiff would also be required to bring most of its witnesses and documentary evidence from Chicago; that there is now pending in the Southern District of New York another suit, entitled Miller v. Stiffel Co., D.C., 158 F.Supp. 762, involving the same patent as in the instant case, and that the plaintiff is not solely dependent upon this case for adjudication of the patents here involved.

The only affidavits filed by the plaintiff in opposition to the motion to transfer relate to the probable trial date of the suit pending in the Southern District of New York, the probable trial date of this suit in this district, the probable trial date of this suit in the Northern District of Illinois, and the purchase by plaintiff's representative of three of the alleged infringing items in this district. With reference to the trial date of the suit pending in the United States Dis-

trict Court for the Southern District of New York, the plaintiff estimates that it will perhaps be upwards of two years before the case can be reached. The defendant, on the other hand, has filed an affidavit indicating that, with both parties cooperating, the case should be tried within about four months and not later than early fall, 1958. The plaintiff contends that the testimony of any witnesses the defendant desires in the Chicago area could be quickly and easily secured by taking their depositions prior to trial. The defendant counters with the contention that depositions are never as effective as having the witnesses present in court. The plaintiff estimates that the case could be tried in this district this summer. Being familiar with the congested civil docket in the Greensboro Division of this court, I am of the opinion that this case could not possibly be reached before January, 1959. The plaintiff has filed the affidavit of one of its Chicago attorneys indicating that it takes a little over two years to try a patent case in the United States District Court in Chicago. The defendant has filed an affidavit by one of its Chicago attorneys indicating that the case could be reached for trial and tried there within a period of ten months.

When oral arguments were heard on April 11, 1958, counsel for the plaintiff and the defendant were given to and including April 21, 1958, within which to file further affidavits which were considered desirable. The defendant filed a lengthy affidavit on April 21, 1958, with respect to the witnesses it expected to call, the amount of documentary evidence it estimates would have to be brought from Chicago to Greensboro, and other matters, but the plaintiff has filed no further affidavits and, in fact, has never filed any affidavits in opposition to the motion except the affidavit referred to above.

The provision of 28 U.S.C.A. 1404 (a)[1] has been the subject of frequent in-

---

1. "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

terpretations by the courts. Prior to the revision of the Judicial Code in 1948, it was necessary to apply the doctrine of *forum non conveniens*. The harsh result of the application of this doctrine was dismissal of the action. Change of venue is a far less drastic measure than is dismissal. As is set out in many of the leading cases, dismissal often resulted in leaving a plaintiff without a remedy because of the running of the statute of limitations. No such harsh result comes from change of venue.

Jiffy Lubricator Co. v. Stewart-Warner Corporation, 4 Cir., 1949, 177 F.2d 360, 362, is one of the earlier cases in this circuit dealing with the transfer of cases under this section. In this case, the late Chief Judge Parker, in referring to the distinction between 28 U.S.C.A. § 1404 (a) and the old law relating to *forum non conveniens*, had this to say:

> "The notion that 28 U.S.C.A. § 1404(a) was a mere codification of existing law relating to forum non conveniens is erroneous. It is perfectly clear that the purpose of this section of the Revised Judicial Code was to grant broadly the power of transfer for the convenience of parties and witnesses, in the interest of justice, whether dismissal under the doctrine of forum non conveniens would have been appropriate or not."

The United States Supreme Court, in Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 547, 99 L.Ed. 789, after specifically approving the construction placed on 28 U.S.C.A. § 1404(a) by Chief Judge Parker in Jiffy Lubricator Co. v. Stewart-Warner Corporation, supra, stated:

> "When Congress adopted § 1404 (a), it intended to do more than just codify the existing law on *forum non conveniens*. As this Court said in Ex parte Collett, 337 U.S. 55–61, 69 S.Ct. 944, 947, 93 L.Ed. 1207, Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying. The harshest result of the applica-

tion of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. As a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience."

While weight must be attached to plaintiff's choice of forum, and to entitle a party to transfer his reason should be fairly substantial, it seems, as stated by Judge Bootle, in Pharma-Craft Corporation v. F. W. Woolworth Co., D.C., 144 F.Supp. 298, 306, (M.D.Ga.1956), that Judge Warlick, in Clayton v. Swift & Co., D.C.W.D.N.C.1956, 137 F.Supp. 219, has given a sound and practical rule to go by when he said:

> "To my way of thinking it (the statute) means nothing more than that one use his God given common sense in interpreting it into the facts of a case."

The late Chief Judge Parker, in Clayton v. Warlick, 4 Cir., 1956, 232 F.2d 699, 706, in affirming Clayton v. Swift & Company, supra, made these observations:

> "Unquestionably it would be more convenient to litigants and witnesses to try the case in Chicago rather than in Charlotte, and the same law, the federal patent law, will be applied wherever it is tried. * * * We have no sympathy with shopping around for forums. As we said in Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., 4 Cir., 140 F.2d 47, 49, 'the courts of one District or Circuit must be presumed to be as able and as well qualified to handle litigation as those in another.' "

In another well-considered opinion written by the late Chief Judge Parker, Southern Railway Co. v. Madden, 4 Cir.,

1956, 235 F.2d 198, it was held that the refusal to transfer under 28 U.S.C. § 1404(a) was not a sound exercise of discretion.

 In the final analysis, it would appear, after a careful reading of the later decisions construing the statute here involved, that each case, as a practical matter, must turn upon the particular facts involved in that case. This includes such factors as the weight to be attached to the plaintiff's choice of forum, the access to sources of proof, the weight to be given to the convenience of counsel and expert witnesses, and other similar factors.

██ The Court has no way of knowing why the suit was brought in this district rather than in Chicago where both parties maintain their principal office and place of business. From all the evidence before the Court, it can only be concluded that all witnesses for the plaintiff and defendant, with the possible exception of one witness for the plaintiff who presently resides in Florida, live in the Chicago area. Further, it is concluded that all documentary evidence and exhibits which would be required at the trial by both parties, are in Chicago. The attorneys for both parties, except one of the attorneys for the plaintiff, all reside in Chicago.

Under the circumstances here involved, it is difficult to conceive how anyone would be accommodated by conducting the trial in the Middle District of North Carolina. All the witnesses would have to travel hundreds of miles, and much expense and inconvenience would naturally result. On the basis of all the evidence, the case can certainly be tried in Chicago as early, if not earlier, than in this district. Consequently, it seems to me that clearly this controversy can be more appropriately and conveniently settled in Chicago than in North Carolina.

Counsel will submit an order transferring this suit to the Northern District of Illinois, Eastern Division.