**W. R. WEHRLE, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, a Delaware corporation, and Phillips Motors Excelsior, Inc., a Minnesota corporation, Defendants.**

Civ. No. 67–169.

United States District Court
W. D. Oklahoma.

Nov. 21, 1967.

Burton J. Johnson, Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., L. Enloe Baumert, Armstrong, Burns & Baumert, Ponca City, Okl., for plaintiff.

Russell B. Holloway, Rhodes, Hieronymus, Holloway & Wilson, John R. Couch, Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

The Defendant, General Motors Corporation, has moved the Court to transfer this case from this District to the United States District Court for the District of New Mexico under the provisions of Title 28 United States Code, Section 1404 (a).[1] Said Defendant relies upon convenience of parties and witnesses and in the interest of justice in urging said motion.

The Plaintiff is a resident and citizen of this District. The Defendant, General Motors Corporation, is a Delaware corporation doing business on a national scale. The Defendant, Phillips Motors Excelsior, Inc., is a Minnesota corporation and seeks dismissal herein against it on the proposition that this Court lacks jurisdiction over said Defendant. This action is a Products Liability case. The Defendant, General Motors Corpo-

---

1. This statutory provision reads:

    "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

ration, manufactured the vehicle involved, the Defendant, Phillips Motors Excelsior, Inc., is said by Plaintiff to have sold him the vehicle involved in Oklahoma (this is denied by this Defendant), and the vehicle was involved in an accident in Clayton, New Mexico, while being driven by the Plaintiff.

If the case is transferred to the District of New Mexico, trial would be held in either Santa Fe, New Mexico, 233 miles from Clayton, or Albuquerque, New Mexico, 295 miles from Clayton. Oklahoma City, the probable place of trial in this District, is 365 miles from Clayton, New Mexico.

■ In a proceeding for a change of venue for convenience of parties and witnesses or in interest of justice, each case turns on its own particular facts. Stiffel Co. v. Sears, Roebuck & Co., (D.C. N.C.1958) 162 F.Supp. 637. The trial court is vested with reasonable discretion in determining whether it would exercise its jurisdiction or transfer the case to another forum for trial. Chicago, Rock Island & Pacific Rd. Co. v. Hugh Breeding, Inc., (Tenth Cir. 1956) 247 F.2d 217, cert. denied 355 U.S. 880, 78 S.Ct. 138, 2 L.Ed.2d 107; Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). The United States Supreme Court has said that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). To entitle a party to a transfer of a case to another District for convenience of parties or witnesses or in the interest of justice, his reason should be fairly substantial. Nocona Leather Goods Co. v. A. G. Spalding & Bros., Inc. (D.C.Del.1958), 159 F.Supp. 269. The burden is upon the movant to establish entitlement to transfer. Faucette v. Lykes Bros. S. S. Co., D.C.N.Y.1953, 110 F.Supp. 287.

■ Upon consideration of the circumstances of this case, the Court finds and concludes that the Motion to Transfer should be denied. The distances from the site of the accident to trial sites in New Mexico and this District are not significantly different. In either event, any witnesses in New Mexico would be required to travel considerable distances from the site of the accident if they are to testify in person. This Court will experience no difficulty in treating with any New Mexico laws which may be involved. Therefore, in the discretion of the Court, the Motion to Transfer is denied.