Carrie M. KOENEKE, Plaintiff,

v.

GREYHOUND LINES, INC., a Corporation, and General Fire & Casualty Company, a Corporation, Defendants.

Civ. No. 68-248.

United States District Court.
W. D. Oklahoma.

Sept. 3, 1968.

John B. Dudley, of McAfee, Dudley, Taft, Cates & Mark, Oklahoma City, Okl., Erwin & Erwin, Chandler, Okl., of counsel, for plaintiff.

James W. Shepherd, of Foliart, Shepherd & Mills, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

The Defendants have filed a Motion to Transfer the above case to the United States District Court for the Central District of California at Los Angeles. In support of this Motion, the Defendants assert that the accident [1] and resulting injuries involved in this litigation occurred in Los Angeles, California; the Defendants will use over 20 witnesses all of whom live in California and are not subject to the subpoena power of this Court; the only witness to the accident in Oklahoma is the Plaintiff herself and her only other witness in Oklahoma is her family physician; the Plaintiff was medically treated extensively in California following the accident and the attending doctors and hospital records are in California; the premises on which the accident occurred are owned by a California entity, the speed ramp or escalator involved was manufactured by an Illinois Company licensed to do business in California, the same was installed by a general con-

---

1. Plaintiff fell on a speed ramp or escalator in a bus terminal in Los Angeles, California, it being claimed that the speed ramp or escalator was defectively constructed and installed and was negligently operated.

tractor residing in California and was designed by a firm residing in California. All of these people are not subject to service in Oklahoma. Defendants further assert that it may be desirable to implead some of these parties as third party defendants on the basis of liability or indemnity.

The Plaintiff opposes the Motion to Transfer asserting that she is a resident of Oklahoma, 80 years of age, crippled as a result of the accident, and has picked Oklahoma as the forum in which to try her lawsuit. Plaintiff further claims that she has two eyewitnesses to the accident who live in Oklahoma, however, the Defendants have produced persuasive indications that these two individuals have moved or soon will move back to California, and, moreover, state that their depositions have been taken. The Plaintiff also points out that her attorneys live in Oklahoma and that she will have to travel a considerable distance to court if same is held in California. Plaintiff further states that it is not necessary that the speed ramp or escalator be inspected, it no doubt being in different condition now than at the time of her accident. Also that there is no need to implead third parties, there being no negligence claimed against them, and that they are not necessary parties. Plaintiff claims that the case involves some questions of Oklahoma law, and in this connection the Defendants respond by saying that the California Court is able to cope with any such questions of Oklahoma law, if they are material, and that the California Courts can better handle the California law questions and jury instructions involved in the litigation. Finally, Plaintiff states that the Defendants have not shown the materiality or substance of their more than 20 witnesses they claim will testify in the case and that in all the Defendants' showing is insufficient to warrant the transfer of the case to California.

The Court in considering the Motion has directed both sides to supply in affidavit form a list of their witnesses to be used in the trial of the case with the substance of the testimony of each. The Defendants have complied with this order and have indicated approximately twenty California witnesses and the substance of their testimony. The Plaintiff has complied with this order and has listed four witnesses and the substance of their testimony. One of the Plaintiff's witnesses is the Plaintiff herself. Two of the Plaintiff's witnesses are those witnesses which the Defendants contend have or shortly will move to the State of California where they may testify in person and the fourth witness of the Plaintiff is her family physician, who seems to have had little contact with the Plaintiff regarding her California injury as compared with the doctors in California, who treated her extensively for the same.

Title 28, United States Code, § 1404 (a), provides:

"For the convenience of parties and witnesses, in the interest of justice, a District Court may transfer any civil action to any other District or Division where it might have been brought."

 It appears to be undisputed that this action could have been brought in the United States District Court for the Central District of California at Los Angeles. The burden is upon the movant to establish entitlement to transfer. Faucette v. Lykes Bros. S. S. Co., 110 F.Supp. 287 (D.C.N.Y.1953). The trial court is vested with reasonable discretion in determining whether it would exercise its jurisdiction or transfer the case to another forum for trial. Chicago, Rock Island & Pacific R. Co. v. Hugh Breeding, Inc., 247 F.2d 217 (Tenth Cir. 1956), cert. denied 355 U.S. 880, 78 S.Ct. 138, 2 L.Ed.2d 107. The above statute sets out what can best be described as a triple standard to be applied to the facts and circumstances of each case. Stiffel Co. v. Sears, Roebuck & Co., D.C., 162 F.Supp. 637. The convenience of the parties, the convenience of the witnesses and the interest of justice, are all to be considered before this Court will in the exercise of its discretion grant or deny

transfer of a case. Considering and applying the above standards to each case, the Court should consider the relative ease of access to the sources of proof, the availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining willing witnesses, and, the possibility of a view of the premises, among other factors. In Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Court said:

> "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice. Thus, as the Court recognized in Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26, 27, [80 S.Ct. 1470, 4 L.Ed.2d 1540,] the purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense * * *.'"

A large measure of deference is due the Plaintiff's freedom to select her forum and significant weight should be given such choice in considering the transfer to another district. Yet, this factor alone has minimal value where none of the conduct complained of occurred in the forum selected by the Plaintiff. Schneider v. Sears, (S.D.N.Y.1967) 265 F.Supp. 257.

The Court is of the opinion that the Defendants in this case have carried the required burden to sustain a transfer and overcome the initial balance in favor of the Plaintiff's choice of forum. The only significant connection this case has with the Western District of Oklahoma is the fact that the Plaintiff resides herein. The conduct of the Defendants which is complained of occurred in the Central District of California. The great bulk of the witnesses are more readily available for trial in the Central District of California. There is an easier access to the sources of proof. Further, upon trial in California, there will be the availability of compulsory process for any un-willing witnesses and far less expense would be required for the attendance of willing witnesses and the premises where the accident occurred will be available for view by the Court and jury, if need be. If third parties need to be impleaded, all are subject to suit in California and not in Oklahoma.

 Based upon a consideration of all the circumstances in this case, and pursuant to 28 United States Code 1404 (a), and in the discretion of the Court, it is the opinion and determination of the Court that this case be transferred to the United States District Court for the Central District of California at Los Angeles, California, for the convenience of the parties and witnesses and in the interest of justice.

It is so ordered. The Clerk will effect the transfer.